IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NETFLIX, INC.,<br><br>    *Movant*,<br><br>v.<br><br>FORTRESS INVESTMENT GROUP LLC,<br><br>    *Respondent*. | CASE NO.<br><br>Related to No. 8:18-cv-02055-GW-DFM, pending in the United States District Court for the Central District of California, |

**MEMORANDUM IN SUPPORT OF MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA**

148865268.1

Netflix, Inc. ("Netflix") respectfully moves this Court for an order compelling third-party Fortress Investment Group ("Fortress") to comply with Netflix's subpoenas *duces tecum* and *ad testificandum* (collectively, the "Subpoenas") served on June 17, 2020, in *Uniloc 2017, LLC v. Netflix, Inc.*, No. 18-cv-02055-GW (C.D. Cal.), pending in the Central District of California (the "Litigation").

I.    BACKGROUND

The underlying action to which this motion relates is a patent litigation in which Uniloc 2017 has accused Netflix of infringing several patents (the "Asserted Patents"). Uniloc 2017 is a patent assertion entity. Its sole activity is serially litigating patents against operating companies to grind them down and force settlements far beyond the intrinsic value of the asserted patents. Despite the fact that its sole function is patent litigation, Uniloc 2017 itself does not determine which patents to litigate; by its own admission, it has no non-privileged valuations. *See* Uniloc Response to Interrogatory No. 2, attached as Exhibit 3 to the Declaration of Martin Gilmore dated July 16, 2020 ("Gilmore Decl.").

Yet **someone** has performed a business analysis of the patents and directed Uniloc 2017 to purchase the Asserted Patents and litigate them against Netflix. That someone is Fortress. Fortress describes its investing approach as "making control-oriented investments in cash flow generating assets."[1] Based on Fortress's agreements with Uniloc's related entities, and its well-known practice of using a web of patent assertion entities such as Uniloc 2017 to drive up litigation costs and force operating companies into coercive settlements, Netflix has every reason to believe that Fortress is the controlling entity behind Uniloc's attempts to drive up costs in the Litigation. For instance, a Fortress-affiliated entity possesses security interests in the Asserted

---

[1] Fortress, https://www.fortress.com/businesses/private-equity (last visited July 16, 2020).

Patents. As a result, Netflix served the Subpoenas on Fortress on June 17, seeking documents and testimony. *See* Ex. 1. The documents Netflix seeks regard the following topics:

- Fortress's and Uniloc's corporate form and members, as well as their relationship (Request Nos. 1-8, 70);
- Fortress's past and projected financial results from, and its strategies and policies for, patent assertion (Request Nos. 9-10, 31, 34-36, 39-44, 65-66, 68-69);
- The acquisition and control of the patents asserted against Netflix in the Litigation (the "Asserted Patents") from their prior assignees (Request Nos. 11-22);
- Valuation, licenses, agreements and other documents regarding the asserted patents (Request Nos. 23-30, 32-33, 37-38, 45-47, 49);
- Documents referenced in an agreement produced by Uniloc (Request No. 48); and
- Business plans and investor communications and presentations, including specifically regarding Netflix, the asserted patents, and the Litigation (Request Nos. 50-64, 67);

The deposition topic requests track those of the subpoena *duces tecum*. *See* Ex. 1.

Fortress responded with a flat refusal to produce a single document or a witness on any of the narrow topics Netflix specified. *See generally* Ex. 2. The precise bases for its refusal are impossible to discern, as every single specific objection provides the same boilerplate language regarding vagueness and ambiguity, overbreadth, relevance, privilege, and third-party confidentiality. The only language to which Fortress provided specific concerns were the terms "funding of this Litigation" (Req. No. 40 and Topic No. 38) and "financial gains, profits, or revenues" (Req. Nos. 42-44) and Topic Nos. 40-42).

Moreover, Fortress's objections, especially regarding relevance, are contradicted by the position it took in *SEVEN Networks, LLC, v. Apple Inc.*, No. 2:19-cv-00115-JRG (E.D. Tx.). *SEVEN Networks* is another patent assertion entity affiliated with Fortress. In response to a subpoena from Apple in that case, Fortress provided "thousands of documents" regarding similar topics.

Netflix and Fortress met and conferred telephonically on July 14, 2020. Fortress refused to change its position. With respect to the *SEVEN Networks* subpoena, Fortress's counsel

explained that SEVEN Networks was a "completely different" company from Uniloc and had previously been an operating company, and that as a result Fortress's compliance with the *SEVEN Networks* subpoena had no bearing on this case. Other concerns Fortress's counsel raised during the meet and confer extended to the meaning of the terms "referenced," "articles of organization," and "analysis." Gilmore Decl. ¶ 4.

## II.  LEGAL STANDARD

Rule 26(b)(1) allows discovery of non-privileged matters that are "relevant to any party's claim or defense and proportional to the needs of the case." It directs courts to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 45, which allows for subpoenas of non-party witnesses, is meant to capture the scope of party discovery rules. *See* Fed. R. Civ. P. 45 Advisory Committee Note ("The non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34."). Rule 34 requires that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34; *see also Fischer v. Forrest*, No. 14 Civ. 1304 (PAE)(AJP), 2017 WL 773694, at *1 (S.D.N.Y. Feb. 28, 2017). To assert a proper objection on this basis, one must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." *Ferguson v. TD Bank, N.A.*, 268 F.R.D. 153, 155 (D. Conn. 2010) (citing *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984) (granting in part motion to compel)). The objecting party bears the burden of demonstrating "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not

4

relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id.*

Whether a subpoena imposes an undue burden depends upon factors such as "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Travelers Indem. Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005) (citing *United States v. Int'l Bus. Machines Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979))."

**III.    ARGUMENT**

    **A.    The Requested Documents Are Relevant**

The relevance of these documents is clear. Licensing, valuation, and financial information regarding the Asserted Patents is centrally relevant to the damages arguments in the Litigation, as is the acquisition of the Asserted Patents. All of this information relates to the "hypothetical negotiation" that "attempts to ascertain the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before infringement began." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009). Any documents in the possession of Fortress – which controls Uniloc 2017 – that reveal how it values the Asserted Patents are directly relevant to that analysis. *See, e.g.*, *Viasat, Inc. v. Space Sys./Loral, Inc.*, No. 12-CV-0260-H (WVG), 2013 WL 12061801, at *4–5 (S.D. Cal. Jan. 14, 2013) (permitting third-party discovery from patentee-purchaser of documents related to valuation, purchase agreements, and negotiations as relevant to damages).

Such valuation information is likely to be revealed by communications and negotiations with prior assignees. Also relevant is Fortress's control of Uniloc 2017, and its well-known strategy to file suit on patents of little or no value in an attempt to drive up the costs of operating companies and force a settlement far out of proportion to the value of the patents themselves.

5

Fortress's corporate structure and controlling members are relevant as they are also related to the issue of control. And Fortress's communications with investors are likely to shed light on these topics.

In fact, Fortress **knows** that these documents are relevant – it produced "thousands of documents" on substantially similar topics in a case where another Fortress affiliate asserted weak patents against an operating company. *See* Non-Party Fortress Investment Group LLC's Opposition to Apple Inc.'s Motion to Compel Production of Certain Documents on Fortress Investment Group LLC's Privilege Log, *SEVEN Networks, LLC*, No. 2:19-cv-00115-JRG, ECF. 155 (E.D. Tx. June 19, 2020). In *SEVEN Networks*, Apple subpoenaed documents concerning:

- Agreements and relationships between Fortress and its subsidiary, SEVEN Networks;
- Identification of each person with an interest in SEVEN Networks;
- Potential or actual acquisitions of or investments in SEVEN Networks;
- Fortress's rights in, and potential or actual financial benefit attributable to, SEVEN Networks' asserted patents;
- Valuations of SEVEN Networks' asserted patents
- Inventions claimed by SEVEN Networks' asserted patents.
- Prosecution of SEVEN Networks' asserted patents.

Rather than provide boilerplate objections from which Apple could not ascertain Fortress's position, Fortress provided thousands of documents and a privilege log. *Id.* And when faced with a motion to compel disputed documents, Fortress agreed to withdraw the majority of its privilege objections and produce the documents. *Id.* at 2-4. There is no principled distinction between the context of *SEVEN Networks* and the Litigation. The same reasoning should therefore apply.

Netflix's requests and deposition topics, while phrased to include a number of narrower topics, include these topics with respect to the Asserted Patents. Fortress should be compelled to produce documents and a witness relating to Netflix's topics.

B.     **Fortress's Objections Are Insufficient**

Fortress provides almost identical boilerplate objections for every request.  Although it is clear that Fortress is withholding documents and information – it refused to produce a single document or to provide a witness on any topic – its objections make it impossible to determine its basis for doing so in response to any specific request.  This is a clear violation of Fortress's obligations.  Fed. R. Civ. P. 34; *see also Taylor Precision Prods., Inc. v. Larimer Grp., Inc.*, No. 15 Civ. 4428 (ALC)(KNF), 2017 WL 10221320, at *4-5 (S.D.N.Y. 2017) (overruling objections because third party "failed to state, with any specificity, how or why any given unidentified document request it wishes to challenge is irrelevant" and "failed to demonstrate with any specificity that the . . . subpoena is overly broad and unduly burdensome").

The sole instances where Fortress points to a particular portion of a Request are No. 38, where Fortress claims that "funding of this Litigation" is vague and ambiguous, and Nos. 40-41, where Fortress objects to "financial gains, profits, or revenues" as vague and ambiguous.  During the meet and confer, Netflix's counsel provided additional clarification on these terms, but to no avail.  Fortress's main objection was that the number of requests and topics was overwhelming, which is not a permissible objection.  Due to Fortress's failure to provide any reasonable specificity, its non-privilege objections should be waived.  *See Fischer*, 2017 WL 773694, at *3 ("any discovery response that does not . . . state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege)").

C.     **The burden on Fortress is not undue.**

Fortress claims undue burden for every request.  For the majority of those requests, its apparent basis that the burden is undue is solely that it is a nonparty.  The fact that the Federal Rules provide for subpoenas for non-parties is enough to prove that assertion incorrect.

7

And to be clear, Fortress is not an innocent third party. It controls Uniloc 2017 and stands to benefit from Uniloc 2017's litigation campaigns. In addition, Uniloc 2017 refuses to provide much of the requested information; for instance, Uniloc 2017 has taken the position that it has no non-privileged information about valuation of the patents it litigates, including the Asserted Patents. Gilmore Decl. Ex. 3 (Responses and Objections to Interrogatory No. 2). Fortress, either itself or through its unknown affiliates (whose identities Netflix has also requested) is likely to be the sole entity with possession of this information – and if it does not, it could have simply said so in response to Netflix's subpoena. Similarly, Uniloc 2017 ignored requests regarding Fortress in its interrogatory requests. Gilmore Decl. Ex. 4 (Supplemental Responses and Objections to Interrogatory No. 13). Because the requested information is relevant, Fortress is the only entity that can provide it it, and Netflix has crafted its requests narrowly, Fortress should be compelled to provide the information Netflix has requested.

**IV.   CONCLUSION**

Netflix respectfully requests that the Court grant its motion and compel Fortress to comply with Netflix's subpoena.

Dated: July 16, 2020

*/s/ Martin E. Gilmore*
Martin E. Gilmore
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036
Telephone: 212.262.6900
Facsimile: 212.977.1649
MGilmore@perkinscoie.com

*Counsel for Movant*
*Netflix, Inc.*

148865268.1

OF COUNSEL

Matthew C. Bernstein (*pro hac vice* pending)
Perkins Coie LLP
11452 El Camino Real, Suite 300
San Diego, California 92130
Telephone:  858.720.5700
Facsimile:  858.720.5799

*Counsel for Movant*
*Netflix, Inc.*