# Exhibit 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Central District of California

|  |  |
|---|---|
| Uniloc 2017 LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| Netflix, Inc. | ) |
|  | ) |
| *Defendant* | ) |

Civil Action No. 8:18-cv-02055-GW-DFMx

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                        Fortress Investment Group LLC
         C/O The Corporate Trust Company, Corporate Trust Center, 1209 Orange St., Wilmington DE
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Perkins Coie LLP<br>1155 Avenue of the Americas, 22nd Floor<br>New York, NY 10036-2711 | Date and Time:<br><br>07/06/2020 9:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/17/2020

|  CLERK OF COURT |  | |
|---|---|---|
|  | OR | |
| _____ | | /s/ Patrick J. McKeever<br>_____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Netflix, Inc.
_____ , who issues or requests this subpoena, are:

Patrick McKeever, Perkins Coie LLP, 11452 El Camino Real, Suite 300, San Diego, CA 92130, (858) 720-5722

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   8:18-cv-02055-GW-DFMx

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

       I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

       ❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

       ❑  I returned the subpoena unexecuted because: _____

_____ .

       Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

       $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

       I declare under penalty of perjury that this information is true.

Date: _____

                                             _____
                                                     *Server's signature*

                                           _____
                                                   *Printed name and title*

                                           _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | | |
|---|---|---|
| UNILOC 2017 LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   8:18-cv-02055-GW-DFMx |
| NETFLIX, INC. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                   Fortress Investment Group LLC
         C/O The Corporate Trust Company, Corporate Trust Center, 1209 Orange St., Wilmington DE
                       *(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Schedules A and B.

| Place: Perkins Coie LLP<br>1155 Avenue of the Americas, 22nd Floor<br>New York, NY 10036-2711 | Date and Time:<br>07/13/2020 9:00 am |
|---|---|

The deposition will be recorded by this method:   audio, visual, stenographic means

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

         The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:         06/17/2020

         *CLERK OF COURT*
                                                              OR
                                                                      /s/ Patrick J. McKeever
_____                    _____
       *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Netflix, Inc.
_____ , who issues or requests this subpoena, are:

Patrick J. McKeever, Perkins Coie LLP, 11452 El Camino Real, Ste 300, San Diego, CA 92130;
Email: pmckeever@perkinscoie.com; Telephone: (858) 720-5722
### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  8:18-cv-02055-GW-DFMx

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A - FORTRESS INVESTMENT GROUP LLC

## DEFINITIONS

1.     "You" and "Your" means Fortress Investment Group LLC, Fortress Credit Co LLC, CF DB EZ LLC, CF DB EX 2017 LLC, and/or any of their past or present predecessors, successors, subsidiaries, affiliates, owners, members, officers, directors, employees, agents, representatives, attorneys, divisions, departments, and all other persons or entities acting on their behalf.

2.     "Uniloc 2017" means Uniloc 2017 LLC and any of its past or present officers, employees, agents or representatives acting on its behalf.

3.     "Uniloc" means Uniloc Luxembourg S.à r.l (*f.k.a.* Uniloc Luxembourg S.A.) and/or any of its past or present predecessors, successors, subsidiaries, affiliates, owners, members, officers, directors, employees, agents, representatives, attorneys, divisions, departments, and all other persons or entities acting on its behalf, including but not limited to Uniloc Corporation Pty, Ltd., CF Uniloc Holdings LLC, Uniloc Licensing USA LLC, Uniloc USA, Inc., Uniloc USA Holdings, LLC, Uniloc Licensing EU S.à r.l; Uniloc (Singapore) Private Limited, Uniloc Earnout Shareholders LLC, Uniloc Management LLC, Uniloc Deutschland GmbH, and D/A Investment Holdings LLC.

4.     The term "Litigation" means the consolidated action *Uniloc 2017 LLC v. Netflix, Inc.*, Case No. SACV18-02055-GW (DFMx) and Case No. SACV18-02150-GW (DFMx).

5.     "'229 Patent" means U.S. Patent No. 6,584,229.

6.     "'609 Patent" means U.S. Patent No. 8,407,609.

7.     "'273 Patent" means U.S. Patent No. 9,721,273.

8.     "Uniloc Asserted Patents" means the '229 Patent, the '609 Patent, and the '273 Patent.

9.     "Pendrell" means Pendrell Technologies LLC and/or any of its past or present predecessors, successors, subsidiaries, affiliates, owners, members, officers, directors, employees, agents, representatives, attorneys, divisions, departments, and all other persons or entities acting on its behalf, including but not limited to Pendragon Networks LLC, Pendragon Electronics and Telecommunications Research LLC, and Pendragon Wireless LLC.

10.     "LINQware" means LINQware Inc. and/or any of its past or present predecessors, successors, subsidiaries, affiliates, owners, members, officers, directors, employees, agents, representatives, attorneys, divisions, departments, and all other persons or entities acting on its behalf, including but not limited to Tod C. Turner.

11.     "Pendrell Portfolio" shall refer to the portfolio(s) of patents and patent applications Uniloc acquired from Pendrell, such as, for example, the portfolio of patents that included U.S. Patent No. 6,584,229.

12.     "LINQware Portfolio" shall refer to the portfolio(s) of patents and patent applications Uniloc acquired from LINQware, such as, for example, the portfolio that included U.S. Patent No. 8,407,609 and U.S. Patent Appl. No. 12/545,125.

13.     "Include," "includes," and "including" shall be construed to mean without limitation.

14.     "Regarding," "relating to," "related to", "referring to," or "concerning" mean, in whole or in part, constituting, containing, compromising, concerning, embodying, connected to, reflecting, describing, analyzing, showing, evidencing, discussing, identifying, illustrating, stating, regarding, supporting, refuting, rebutting, relating to, responding to, commenting on, evaluating, about, in respect thereof, mentioning, dealing with, or in any way pertaining to, either explicitly or implicitly.

15.     The terms "Document" and "Documents" are used in their broadest possible sense and refer, without limitation, to all written, electronically stored, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or records of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, and including audio or video recordings of communications, occurrences or events.  This definition includes, but is not limited to, any and all of the following: correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgements, receipts, bills, statements, checks, check registers, financial statements, journals, ledgers, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial packaging, plans, photographs, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer code, computer programs, computer printouts, design specifications, designs, emails, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, HDL, illustrations, installation guides or manuals, instruments, investigations, opinions or reports of consultants, invoices, laboratory or research reports and notebooks, letters, lists of persons attending meetings or conferences, manuals, minutes or records of conferences or meetings, opinions of counsel, opinions or reports of consultants, pamphlets, patent appraisals, product analyses, product descriptions, product functional descriptions or specifications, records, product repair manuals or guides, recorded experiments, reports or summaries of negotiations within or without the corporation, interviews, investigations, personal conversations, meetings, telephone conversations, patent searches, or preparations for any thereof, requests for proposals, schematic diagrams, software flow charts or descriptions or specifications, statistical statements, technical descriptions or specifications, telegraphic communications, trade letters, users manuals or guides, Verilog, video images, working papers and all other sources or formats from which data, information, or communications can be obtained.  The terms "Document" and "Documents" shall include all preliminary versions, drafts or revisions of the foregoing, and all copies of a Document shall be produced to the extent that the copies differ from the Document produced due to notations, additions, insertions, comments, enclosures, attachments or markings of any kind.  Further, the terms "Document" and "Documents" shall include, without limitation, those categories as set forth in Rule 34(a) of the Federal Rules of Civil

Procedure, specifically, writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form.

16.     The term "Things" means any intangible item or any other related item.

17.     The term "Person" or "Party" means any natural person or any business, legal, or governmental entity or association, including any directors, officers, employees, agents or representatives thereof.

18.     The term "Communication(s)" or "communicate(s)" means the transmittal of information, in any form, by any means, and includes, without limitation, any transfer of information, ideas, opinions, or thoughts by any means, written, oral, or otherwise, at any time or place under any circumstances, and any documents incorporating, summarizing or describing the contents of the transmission, meetings and discussions, telephone conversations, electronic communications, telegraphic communication or any document containing a recording, transcription, summary or description or identifying the time, place, subject matter, medium of transmission and/or participants in the transmission. The definition is not limited to transfers between persons, but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged or not, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged or not, formal or informal.

19.     Unless a request calls for a specific date, or otherwise indicates directly or by its context that a different time period is called for, respond to each request without time limit.

20.     The term "Date" shall mean the exact day, month and year, if ascertainable; if not ascertainable, the term means the closest approximation that can be made by means of relationship to other events, locations or matters.

21.     "Identify," "identifying," and "identification" shall mean to include in your answer, with respect to: (a) a natural person – (i) his or her name; (ii) his or her last known home and business addresses and respective phone numbers; (iii) his or her job or position title; and (iv) if applicable, his or her connection to the subject matter of the request; (b) an entity or organization – (i) its name; (ii) its last known address and phone number for its principal place of business; (iii) its type (e.g., corporation, partnership, trust, etc.); (iv) its date and place of formation; (v) its registered agent; and (vi) its relationship to you, whether the entity's relationship is solely through arm's length transactions, or the entity is affiliated in some way with you; (c) a document – (i) its type; (ii) its date; (iii) a detailed description of its subject matter and contents; (iv) the identity of each author and recipient (including actual and designated recipients of copies); and (v) its location and custodian; (d) any other tangible thing – (i) its type (e.g., computer system, software, etc.); (ii) its purchase date; (iii) a detailed description of its subject matter; (iv) who made it, if applicable; and (v) its current location and custodian, including the person who had

last knowledge, possession, custody or control thereof; (e) an event – (i) its type (*e.g.*, oral communication, telephone call, meeting or conference, teletype communication, purchase, sale, etc.); (ii) its date, time and place; (iii) the identity of all persons participating, attending and observing; (iv) a detailed description of the event and what transpired; and (v) the identity of any documents referenced, referred to, relied upon or created in connection with the event (including any record made of the event).

22.   The term "relating" means analyzing, assessing, comprising, containing, constituting, describing, discussing, establishing, evidencing, identifying, including, referring, regarding, reflecting, recording, stating, summarizing, or having any connection with.

23.   The use of the singular form of any word includes the plural and vice versa.

24.   The terms "and, "or," and "and/or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

25.   The terms "any" and "all" mean "any and all."

26.   The terms "each" and "every" mean "each and every."

27.   The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## GENERAL PROVISIONS AND INSTRUCTIONS

1.   This subpoena calls for You to produce all Documents described by each category below that are within Your possession, custody, or control, or are otherwise available to You.

2.   As to any Documents otherwise responsive to this subpoena that are withheld or not divulged based upon a claim of any privilege or work product: (a) state in a privilege log the nature of the claim of privilege and the holder of the privilege; (b) state in a privilege log all facts relied upon in support of the privilege; (c) in a privilege log, furnish a description of all Documents withheld pursuant to the claim of privilege (to include, as to each withheld Document, at least its title and general subject matter, date, author(s), person(s) for whom it was prepared, and person(s) to whom it was sent); and (d) identify in a privilege log all persons having knowledge of any facts relating to the claim of privilege.  If the claim of privilege applies to only a portion of the Document, produce the Document with that portion clearly redacted (*i.e.*, stamp the Document with the word "REDACTED") and describe the redacted portion in a privilege log.  In this log and as to each such Document, provide the following: (a) the nature of the Document; (b) the sender; (c) the author(s); (d) the recipient of each copy the Document; (e) the date of the Document; (f) a summary statement of the subject matter of the Document in sufficient detail to permit a court to reach a determination as to the alleged privilege in the event of a motion to compel; and (g) an indication of the basis for assertion of the alleged privilege.

3.   All Documents that respond, in whole or in part, to any portion of this subpoena are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matter affixed thereto.

4.      Electronic records and computerized information that is produced must be readable with standard commercial software or must be accompanied by a description of the system from which it was derived sufficient to render such materials readable.

5.      All Documents shall be produced either in the order and manner that they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of this subpoena.  Whenever a Document or group of Documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or container shall be attached to the Document.  Documents attached to each other must not be separated.

6.      All responsive Documents must be produced, regardless of whether such Documents are possessed directly by You or are possessed by any of Your officers, directors, employees, agents, representatives, or attorneys.

7.      If any requested Document has existed, but has been lost, destroyed, or is no longer within Your possession, custody, or control, then identify the Document, its author(s), the recipient(s) or addressee(s), the subject matter, and the content.  Further, if the Document has been destroyed, state with particularity the date and circumstances surrounding the destruction, and identify the last known custodian of the Document and each person who has knowledge of the destruction of any such Document.

8.      If, subsequent to the date that You produce Documents responsive to this subpoena, You discover or receive Documents that are responsive to the requests herein, promptly produce all such additional Documents to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of the District Court.

9.      If, after exercising due diligence to secure the information requested, You cannot fully comply with a specific Request, or any part thereof, state the reason(s) for Your inability to reply and respond to the fullest extent possible.

## **REQUESTED DOCUMENTS**

1.      All articles of organization for You and Uniloc 2017.

2.      Documents sufficient to identify persons with a membership interest in You and/or Uniloc 2017.

3.      Documents sufficient to identify all of Your and Uniloc 2017's present members, managers, officers, employees, and agents.

4.      All Documents relating to the business relationship between You and Uniloc, including the date the relationship began and the scope of the relationship.

5.      All agreements entered into between You and Uniloc.

6.      All Documents relating to the business relationship between You and Uniloc 2017, including the date the relationship began and the scope of the relationship.

7.      All agreements entered into between You and Uniloc 2017.

8.      All Documents relating to the formation, creation, ownership, funding, and operation of Uniloc 2017.

9.      Documents sufficient to show Your revenues, expenses, and profits from patent asserting activities since 2013.

10.     All Documents relating to Your policies, practices, and customs concerning patent asserting activities since 2013.

11.     All Documents relating to IPG Electronics 502 Limited's acquisition of patents including the '229 Patent from Electronics and Telecommunications Research Institute (ETRI).

12.     All Documents relating to Pendrell's acquisition of patents including the '229 Patent from IPG Electronics 502 Limited.

13.     All Documents relating to Uniloc's acquisition of the Pendrell Portfolio patents from Pendrell, including but not limited to all agreements, memoranda, and analyses related to such acquisition.

14.     All Communications with Uniloc relating to the acquisition of the Pendrell Portfolio patents.

15.     All Communications with Pendrell relating to the acquisition of the Pendrell Portfolio patents.

16.     All agreements and licenses between You and Uniloc concerning any rights to any of the Pendrell Portfolio patents.

17.     All Documents and Communications relating to any valuations of any of the Pendrell Portfolio patents.

18.     All Documents relating to Uniloc's acquisition of the LINQware Portfolio patents from LINQware, including but not limited to all agreements, memoranda, and analyses related to such acquisition.

19.     All Communications with Uniloc relating to the acquisition of the LINQware Portfolio patents.

20.     All Communications with LINQware relating to the acquisition of the LINQware Portfolio patents.

21.     All agreements and licenses between You and Uniloc concerning any rights to any of the LINQware Portfolio patents.

22.     All Documents and Communications relating to any valuations of any of the LINQware Portfolio patents.

23.     All Documents and Communications relating to Uniloc 2017's acquisition of the Uniloc Asserted Patents from Uniloc Luxembourg S.A.

24.     All Documents and Communications relating to any valuations of any of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

25.     All Documents and Communications relating to any valuations of any of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents compared with Your entire patent portfolio.

26.     All Documents and Communications relating to any license agreements conferring any rights to any of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents, including licenses entered into by You, Uniloc, Uniloc 2017, or any prior assignee.

27.     All Documents and Communications relating to any agreements conferring any financial, ownership, or security interests to any of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

28.     All Communications regarding any of the Uniloc Asserted Patents involving You, Uniloc 2017, Uniloc, Pendrell, or LINQware.

29.     All Communications regarding any of the Uniloc Asserted Patents involving any person or entity accused of infringing any of the Uniloc Asserted Patents.

30.     All Communications regarding any of the Uniloc Asserted Patents and Netflix.

31.     Documents sufficient to show Your and Uniloc 2017's financial condition between 2013 and the present including but not limited to balance sheets, income statements, profit and loss statements, cash flow statements, and other financial documents reflecting Your and Uniloc 2017's revenues, profits, and losses.

32.     All Documents and Communications relating to any ability by anyone at any time to grant a license, release, or covenant under any of the Uniloc Asserted Patents.

33.     All Documents and Communications concerning legal proceedings in which any of the Uniloc Asserted Patents is asserted for infringement.

34.     All Documents including or relating to any analysis of revenue projections and return on investment of any of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

35.     All Documents relating to any analysis of assertion for infringement of any of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

36.   All Documents relating to any financial interest You have in any settlement, judgment, damages award, or other relief that results from assertion of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

37.   All Documents and Communications relating to Netflix's alleged infringement of any of the Uniloc Asserted Patents.

38.   All Documents and Communications relating to the decision to initiate this Litigation against Netflix.

39.   All Documents and Communications relating to any valuation of the assertion of the Uniloc Asserted Patents against Netflix.

40.   All Documents relating to Your funding of this Litigation against Netflix.

41.   All Documents relating to Your financial interest in the outcome of this Litigation against Netflix.

42.   All Documents relating to Your financial gains, profits, or revenues that may be attributed to the '229 Patent.

43.   All Documents relating to Your financial gains, profits, or revenues that may be attributed to the '609 Patent.

44.   All Documents relating to Your financial gains, profits, or revenues that may be attributed to the '273 Patent.

45.   All Documents and Communications relating to Your offers, requests, discussion, and negotiations to provide a license to the '229 Patent.

46.   All Documents and Communications relating to Your offers, requests, discussion, and negotiations to provide a license to the '609 Patent.

47.   All Documents and Communications relating to Your offers, requests, discussion, and negotiations to provide a license to the '273 Patent.

48.   All Documents and Communications referenced in the May 3, 2018 Payoff and Termination Agreement (produced at UNILOC_0004017).

49.   All Documents and Communications addressing or relating to the relative value of any of the Uniloc Asserted Patents in relation to other patents, including but not limited to relative value of any of the Uniloc Asserted Patents compared to other patents that were acquired as part of the same portfolio or other patents licensed as part of the same portfolio.

50.   Any business plan that references this Litigation.

51.   Any business plan that references Netflix.

52.     Any business plan that references the Uniloc Asserted Patents.

53.     Any business plan that references the Pendrell Portfolio or any of the assets therein.

54.     Any business plan that references the LINQware Portfolio or any of the assets therein.

55.     Any communication to investors that references this Litigation.

56.     Any communication to investors that references Netflix.

57.     Any communication to investors that references the Uniloc Asserted Patents.

58.     Any communication to investors that references the Pendrell Portfolio or any of the assets therein.

59.     Any communication to investors that references the LINQware Portfolio or any of the assets therein.

60.     Any communication with or report to Softbank Corp. regarding this Litigation.

61.     Any communication with or report to Softbank Corp. regarding Netflix.

62.     Any communication with or report to Softbank Corp. regarding the Uniloc Asserted Patents.

63.     Any communication with or report to Softbank Corp. regarding the Pendrell Portfolio or any of the assets therein.

64.     Any communication with or report to Softbank Corp. regarding the LINQware Portfolio or any of the assets therein.

65.     Any forecasts and/or outlook on any possible results related to this Litigation, Netflix, the Uniloc Asserted Patents, the Pendrell Portfolio or any of the assets therein, and/or LINQware Portfolio or any of the assets therein.

66.     All Documents and Communications relating to patent assertion strategy involving any of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

67.     All Documents and Communications relating to Softbank Corp.'s decision to invest in You, including but not limited to any valuation conducted by Softbank Corp. of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

68.     All Documents and Communications relating to any agreement involving Your investment in or ownership of any patent assertion entity and the reasons for any subsequent change or modification in the terms of any such agreement.

69.     All Documents and Communications relating to Your strategy to drive up the costs of defense in any patent assertion campaigns in which You are a party.

70.     All Documents and Communications relating to the amount of control exercised by You in Uniloc 2017 and/or Uniloc.

## SCHEDULE B - FORTRESS INVESTMENT GROUP LLC

### DEFINITIONS

The definitions set forth in Exhibit A are incorporated herein by reference.

### INSTRUCTIONS

You are required to provide one or more individuals who are knowledgeable and competent to provide testimony about each of the topics listed below.

### DEPOSITION TOPICS

1. Your current and former composition, ownership, corporate structure and operation, including without limitation, facts concerning Your creation, funding, and operation; an identification of Your present members, managers, officers, employees, and agents; and the positions, titles, and interests of any identified individuals.

2. Uniloc 2017's current and former composition, ownership, corporate structure and operation, including without limitation, facts concerning Uniloc 2017's formation, creation, funding, and operation; an identification of Uniloc 2017's present members, managers, officers, employees, and agents; and the positions, titles, and interests of any identified individuals.

3. The business relationship between You and Uniloc, including the date the relationship began and the scope of the relationship.

4. Agreements entered into between You and Uniloc.

5. The business relationship between You and Uniloc 2017, including the date the relationship began and the scope of the relationship.

6. Agreements entered into between You and Uniloc 2017.

7. Your revenues, expenses, and profits from patent asserting activities since 2013.

8. Your policies, practices, and customs concerning patent asserting activities since 2013.

9. IPG Electronics 502 Limited's acquisition of patents including the '229 Patent from Electronics and Telecommunications Research Institute (ETRI).

10. Pendrell's acquisition of patents including the '229 Patent from IPG Electronics 502 Limited.

11. Uniloc's acquisition of the Pendrell Portfolio patents from Pendrell.

12. Communications with Uniloc relating to the acquisition of the Pendrell Portfolio patents.

13.     Communications with Pendrell relating to the acquisition of the Pendrell Portfolio patents.

14.     Agreements and licenses between You and Uniloc concerning any rights to any of the Pendrell Portfolio patents.

15.     Valuations of any of the Pendrell Portfolio patents.

16.     Uniloc's acquisition of the LINQware Portfolio patents from LINQware.

17.     Communications with Uniloc relating to the acquisition of the LINQware Portfolio patents.

18.     Communications with LINQware relating to the acquisition of the LINQware Portfolio patents.

19.     Agreements and licenses between You and Uniloc concerning any rights to any of the LINQware Portfolio patents.

20.     Valuations of any of the LINQware Portfolio patents.

21.     Uniloc 2017's acquisition of the Uniloc Asserted Patents from Uniloc Luxembourg S.A.

22.     Valuations of any of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

23.     Valuations of any of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents compared with Your entire patent portfolio.

24.     License agreements conferring any rights to any of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents, including licenses entered into by You, Uniloc, Uniloc 2017, or any prior assignee.

25.     Agreements conferring any financial, ownership, or security interests to any of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

26.     Communications regarding any of the Uniloc Asserted Patents involving You, Uniloc 2017, Uniloc, Pendrell, or LINQware.

27.     Communications regarding any of the Uniloc Asserted Patents involving any person or entity accused of infringing any of the Uniloc Asserted Patents.

28.     Communications regarding any of the Uniloc Asserted Patents and Netflix.

29.     Your and Uniloc 2017's financial condition between 2013 and the present including but not limited to Your and Uniloc 2017's revenues, profits, and losses.

30. Any ability by anyone at any time to grant a license, release, or covenant under any of the Uniloc Asserted Patents.

31. Legal proceedings in which any of the Uniloc Asserted Patents is asserted for infringement.

32. Analysis of revenue projections and return on investment of any of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

33. Analysis of assertion for infringement of any of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

34. Financial interest You have in any settlement, judgment, damages award, or other relief that results from assertion of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

35. Communications relating to Netflix's alleged infringement of any of the Uniloc Asserted Patents.

36. Communications relating to the decision to initiate this Litigation against Netflix.

37. Valuation of the assertion of the Uniloc Asserted Patents against Netflix.

38. Your funding of this Litigation against Netflix.

39. Your financial interest in the outcome of this Litigation against Netflix.

40. Your financial gains, profits, or revenues that may be attributed to the '229 Patent.

41. Your financial gains, profits, or revenues that may be attributed to the '609 Patent.

42. Your financial gains, profits, or revenues that may be attributed to the '273 Patent.

43. Your offers, requests, discussion, and negotiations to provide a license to the '229 Patent.

44. Your offers, requests, discussion, and negotiations to provide a license to the '609 Patent.

45. Your offers, requests, discussion, and negotiations to provide a license to the '273 Patent.

46. The May 3, 2018 Payoff and Termination Agreement (produced at UNILOC_0004017).

47. The relative value of any of the Uniloc Asserted Patents in relation to other patents, including but not limited to relative value of any of the Uniloc Asserted Patents compared to other patents that were acquired as part of the same portfolio or other patents licensed as part of the same portfolio.

48. Any business plan that references this Litigation.

49. Any business plan that references Netflix.

50. Any business plan that references the Uniloc Asserted Patents.

51. Any business plan that references the Pendrell Portfolio or any of the assets therein.

52. Any business plan that references the LINQware Portfolio or any of the assets therein.

53. Any communication to investors that references this Litigation.

54. Any communication to investors that references Netflix.

55. Any communication to investors that references the Uniloc Asserted Patents.

56. Any communication to investors that references the Pendrell Portfolio or any of the assets therein.

57. Any communication to investors that references the LINQware Portfolio or any of the assets therein.

58. Any communication with or report to Softbank Corp. regarding this Litigation.

59. Any communication with or report to Softbank Corp. regarding Netflix.

60. Any communication with or report to Softbank Corp. regarding the Uniloc Asserted Patents.

61. Any communication with or report to Softbank Corp. regarding the Pendrell Portfolio or any of the assets therein.

62. Any communication with or report to Softbank Corp. regarding the LINQware Portfolio or any of the assets therein.

63. Any forecasts and/or outlook on any possible results related to this Litigation, Netflix, the Uniloc Asserted Patents, the Pendrell Portfolio or any of the assets therein, and/or LINQware Portfolio or any of the assets therein.

64. Communications relating to patent assertion strategy involving any of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

65. Communications relating to Softbank Corp.'s decision to invest in You, including but not limited to any valuation conducted by Softbank Corp. of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

66. Communications relating to any agreement involving Your investment in or ownership of any patent assertion entity and the reasons for any subsequent change or modification in the terms of any such agreement.

67. Communications relating to Your strategy to drive up the costs of defense in any patent assertion campaigns in which You are a party.

4

68.     Communications relating to the amount of control exercised by You in Uniloc 2017 and/or Uniloc.

69.     The identity and location of all Persons with knowledge regarding each of the above deposition topics.

70.     The identity, location, and content of all Documents relating to each of the above deposition topics.

71.     The identity, location, and content of Documents You produced and Documents You identified but did not produce in response to the subpoena and accompanying Exhibit A.