# Exhibit 2

1  M. ELIZABETH DAY (SBN 177125)
2  eday@feinday.com
   MARC BELLOLI (SBN 244290)
3  mbelloli@feinday.com
4  JEREMIAH A. ARMSTRONG (SBN 253705)
   jarmstrong@feinday.com
5  **FEINBERG DAY KRAMER ALBERTI**
6  **LIM TONKOVICH & BELLOLI LLP**
   577 Airport Blvd., Suite 250
7  Burlingame, California 94010
8  Tel: 650-825-4300

9  Attorneys for Third Party
10 Fortress Investment Group LLC

11             UNITED STATES DISTRICT COURT
12            CENTRAL DISTRICT OF CALIFORNIA
13
14 UNILOC 2017 LLC,                    LEAD CONSOLIDATED CASE:
                                       8:18-cv-02055-GW-DFM
          Plaintiff,
15                                     **THIRD PARTY FORTRESS**
      v.                              **INVESTMENT GROUP LLC'S**
16                                     **RESPONSES AND OBJECTIONS**
   NETFLIX, INC.,                      **TO NETFLIX, INC.'S**
17                                     **DOCUMENT PRODUCTION AND**
          Defendant.                  **DEPOSITION SUBPOENAS**
18
19
20
21
22
23
24
25
26
27
28

Third party Fortress Investment Group LLC ("FIG") serves the following responses and objections to the June 17, 2020 subpoena duces tecum and subpoena ad testificandum (collectively, "Subpoena") served by Defendant Netflix, Inc. in the above-entitled case ("Netflix Litigation").

## **GENERAL OBJECTIONS**

The following objections apply to Netflix's Subpoena. To the extent any specific objection is also made to a particular Request for Production ("Request") or Deposition Topic ("Topic"), FIG does not waive or otherwise limit any general objection.

1.     FIG objects to the Subpoena on the grounds that the date for compliance of the documents requests and to provide deposition testimony is unreasonable, unduly burdensome, and harassing.  Given the unduly broad Requests and Topics, FIG needs sufficient time to properly investigate, analyze, and respond to the Subpoena.

2.     FIG objects to the Subpoena to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection, and any inadvertent production shall not be deemed a waiver off any privilege with respect to the documents or information produced or of any work-product immunity doctrine that may attach.  Accordingly, FIG objects to producing any documents or testimony protected by, for example, Fed. R. Evid. 501.

3.     FIG objects to the Subpoena as overly broad, unduly burdensome and oppressive to the extent that it is indefinite as to time or scope or otherwise not limited to a time frame relevant to issues in the Netflix Litigation.

4.     FIG objects to the Subpoena as unduly burdensome to the extent it seeks information already in Netflix's possession.

5.     FIG objects to the Requests and Topics to the extent they purport to cover material relevant to patents found to be invalid, patents dismissed from the

-1-

Netflix Litigation, or products not at issue in the Netflix Litigation.

6.    FIG objects to these Requests and Topics to the extent they purport to cover material relevant to patents other than the patents asserted in the Netflix Litigation.

7.    FIG objects to the Subpoena, and the Definitions and Instructions thereto, to the extent they seek to impose obligations on FIG that are inconsistent with and/or beyond the scope of those imposed or authorized by the Federal Rules of Civil Procedure, the Local Rules, or the rules or decisions of this Court.

8.    FIG objects to the Subpoena's Instructions as oppressive, overly broad, unduly burdensome, unreasonable, and in contravention of the Federal Rules of Civil Procedure and other applicable legal authority.

9.    FIG objects to each individual Request and Topic to the extent it is vague, ambiguous, nonsensical, oppressive, overly broad, unduly burdensome, unreasonably cumulative or duplicative, seeks information that is more conveniently or less expensively obtained from another source including a party in this action (*e.g.*, Uniloc 2017), or seeks information that is not proportional to the needs of the Netflix Litigation.

10.   FIG objects to each Request and Topic to the extent that it calls for information not within the scope of knowledge of any FIG representative.  To do so would place an undue burden on FIG, require more of FIG than any obligation imposed by law, would subject FIG to unreasonable and undue burden and expense, and would seek to impose upon FIG an obligation to investigate or discover information or materials from third parties or sources that are equally accessible to Netflix.

11.   FIG objects to each Request and Topic to the extent that it seeks information not relevant to the subject matter of this action or to a claim or defense, currently part of the Netflix Litigation, of any party and/or is not proportional to the needs of the Netflix Litigation.

-2-

12.     FIG objects to the Subpoena to the extent it seeks information subject to a nondisclosure or confidentiality agreement with a third party and/or the trade secrets, or information confidential and proprietary to, a third party.

13.     FIG objects to the Requests and Topics to the extent that they require FIG to provide information that is not kept by FIG in the normal course of business. FIG objects to the Requests and Topics to the extent they seek documents and information that are no longer active or readily accessible on FIG databases but might exist in electronic archives or back-up files.  FIG will not rebuild these electronic archives and back-up files in order to search for documents that may be responsive to the Requests or Topics.

14.     FIG objects to the Requests and Topics to the extent that they require FIG to search for and produce email in contravention of the E-Discovery Order ("ESI Order") that was entered July 3, 2019 (Dkt. No. 75).  FIG will not search for email that may purportedly be responsive to the Requests or Topics.

15.     FIG objects to Netflix's definition of "You" and "Your" to the extent that it includes third parties that are legally independent of FIG and on whose behalf FIG cannot respond.  Accordingly, FIG will respond only on behalf of itself.

16.     FIG objects to Netflix's definition of "Uniloc" as vague, ambiguous, nonsensical, oppressive, overly broad and unduly burdensome.  Accordingly, to the extent proper and feasible, FIG will construe "Uniloc" to mean specifically Uniloc Luxembourg S.à.r.l (f.k.a. Uniloc Luxembourg S.A.).

17.     FIG objects to Netflix's definition of "Pendrell" as vague, ambiguous, nonsensical, oppressive, overly broad and unduly burdensome.  Accordingly, to the extent proper and feasible, FIG will construe "Pendrell" to mean specifically Pendrell Technologies LLC.

18.     FIG objects to Netflix's definition of "LINQware" as vague, ambiguous, nonsensical, oppressive, overly broad and unduly burdensome. Accordingly, to the extent proper and feasible, FIG will construe "LINQware" to

-3-

1   mean specifically LINQware, Inc.

2       19.   FIG objects to Netflix's definition of "Communication(s)" and

3   "communicate(s)" to the extent that it seeks to impose obligations different from

4   and/or in addition to the Federal Rules of Civil Procedure or the Local Rules of this

5   Court.

6       20.   FIG objects to Netflix's definition of "Document" and "Documents" to

7   the extent that it seeks to impose obligations different from and/or in addition to the

8   Federal Rules of Civil Procedure or the Local Rules of this Court.

9       21.   FIG objects to Netflix's definition of "Identify," "identifying," and

10  "identification" to the extent that it seeks to impose obligations different from

11  and/or in addition to the Federal Rules of Civil Procedure or the Local Rules of this

12  Court.

13      22.   Each of the above General Objections shall be deemed continuing and

14  is incorporated into the specific responses set forth below, whether or not

15  specifically stated in response to each Request, and is not waived or in any way

16  limited by the responses below.  No response to a Request shall be understood as,

17  nor is it intended to be, a waiver of any General Objection or any Specific

18  Objection that may be separately stated with respect to any response.  Nor shall any

19  response to a Request be deemed to constitute any agreement or concession that the

20  subject matter thereof is relevant to this action.  All of the responses set forth below

21  are made without waiving or intending to waive any objection, including but not

22  limited to objections as to competency, relevancy, materiality, authenticity,

23  privilege, or admissibility.

24              **RESPONSE TO DOCUMENT REQUESTS**

25  **REQUEST NO. 1.**

26      All articles of organization for You and Uniloc 2017.

27  **RESPONSE TO REQUEST NO. 1.**

28      In addition to the General Objections, all of which are incorporated by

-4-

specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 2.**

Documents sufficient to identify persons with a membership interest in You and/or Uniloc 2017.

**RESPONSE TO REQUEST NO. 2.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep

confidential.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 3.**

Documents sufficient to identify all of Your and Uniloc 2017's present members, managers, officers, employees, and agents.

**RESPONSE TO REQUEST NO. 3.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017. FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation. FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection. FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 4.**

All Documents relating to the business relationship between You and Uniloc, including the date the relationship began and the scope of the relationship.

**RESPONSE TO REQUEST NO. 4.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources,

-6-

including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 5.**

All agreements entered into between You and Uniloc.

**RESPONSE TO REQUEST NO. 5.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any

-7-

documents responsive to this Request.

**REQUEST NO. 6.**

All Documents relating to the business relationship between You and Uniloc 2017, including the date the relationship began and the scope of the relationship.

**RESPONSE TO REQUEST NO. 6.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 7.**

All agreements entered into between You and Uniloc 2017.

**RESPONSE TO REQUEST NO. 7.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents

-8-

that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 8.**

All Documents relating to the formation, creation, ownership, funding, and operation of Uniloc 2017.

**RESPONSE TO REQUEST NO. 8.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any

-9-

documents responsive to this Request.

## REQUEST NO. 9.

Documents sufficient to show Your revenues, expenses, and profits from patent asserting activities since 2013.

## RESPONSE TO REQUEST NO. 9.

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

## REQUEST NO. 10.

All Documents relating to Your policies, practices, and customs concerning patent asserting activities since 2013.

## RESPONSE TO REQUEST NO. 10.

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-

-10-

1   client privilege, the attorney work-product immunity doctrine, the common interest

2   privilege, and any other applicable privilege or protection.  FIG also objects to this

3   Request to the extent it seeks third-party documents that FIG is obligated to keep

4   confidential.  FIG objects to this Request to the extent it requires FIG to search for

5   and produce email in contravention of the applicable ESI Order entered in the

6   Netflix Litigation.

7   　　　On all of these grounds, FIG objects to producing, and will not produce, any

8   documents responsive to this Request.

9   **REQUEST NO. 11.**

10  　　　All Documents relating to IPG Electronics 502 Limited's acquisition of
patents including the '229 Patent from Electronics and Telecommunications
11  Research Institute (ETRI).

12  **RESPONSE TO REQUEST NO. 11.**

13  　　　In addition to the General Objections, all of which are incorporated by

14  specific reference herein, FIG objects to this Request as vague, ambiguous, overly

15  broad and unduly burdensome to the extent that it seeks documents from FIG, a

16  non-party to the Netflix Litigation, that Netflix can obtain from other sources,

17  including Uniloc 2017.  FIG also objects to this Request in that it seeks documents

18  that are not relevant to any claims or defenses in the Netflix Litigation and is

19  therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

20  to this Request to the extent it seeks information protected by the attorney-client

21  privilege, the attorney work-product immunity doctrine, the common interest

22  privilege, and any other applicable privilege or protection.  FIG also objects to this

23  Request to the extent it seeks third-party documents that FIG is obligated to keep

24  confidential.  FIG objects to this Request to the extent it requires FIG to search for

25  and produce email in contravention of the applicable ESI Order entered in the

26  Netflix Litigation.

27  　　　On all of these grounds, FIG objects to producing, and will not produce, any

28  documents responsive to this Request.

-11-

**REQUEST NO. 12.**

All Documents relating to Pendrell's acquisition of patents including the '229 Patent from IPG Electronics 502 Limited.

**RESPONSE TO REQUEST NO. 12.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 13.**

All Documents relating to Uniloc's acquisition of the Pendrell Portfolio patents from Pendrell, including but not limited to all agreements, memoranda, and analyses related to such acquisition.

**RESPONSE TO REQUEST NO. 13.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources,

-12-

including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 14.**

All Communications with Uniloc relating to the acquisition of the Pendrell Portfolio patents.

**RESPONSE TO REQUEST NO. 14.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for

-13-

and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 15.**

All Communications with Pendrell relating to the acquisition of the Pendrell Portfolio patents.

**RESPONSE TO REQUEST NO. 15.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017. FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation. FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection. FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential. FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 16.**

All agreements and licenses between You and Uniloc concerning any rights to any of the Pendrell Portfolio patents.

**RESPONSE TO REQUEST NO. 16.**

In addition to the General Objections, all of which are incorporated by

-14-

specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017. FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation. FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection. FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 17.**

All Documents and Communications relating to any valuations of any of the Pendrell Portfolio patents.

**RESPONSE TO REQUEST NO. 17.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017. FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation. FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection. FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep

-15-

confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 18.**

All Documents relating to Uniloc's acquisition of the LINQware Portfolio patents from LINQware, including but not limited to all agreements, memoranda, and analyses related to such acquisition.

**RESPONSE TO REQUEST NO. 18.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 19.**

All Communications with Uniloc relating to the acquisition of the LINQware Portfolio patents.

-16-

**RESPONSE TO REQUEST NO. 19.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 20.**

All Communications with LINQware relating to the acquisition of the LINQware Portfolio patents.

**RESPONSE TO REQUEST NO. 20.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

-17-

to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 21.**

All agreements and licenses between You and Uniloc concerning any rights to any of the LINQware Portfolio patents.

**RESPONSE TO REQUEST NO. 21.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 22.**

All Documents and Communications relating to any valuations of any of the

-18-

1  LINQware Portfolio patents.

2  **RESPONSE TO REQUEST NO. 22.**

3       In addition to the General Objections, all of which are incorporated by

4  specific reference herein, FIG objects to this Request as vague, ambiguous, overly

5  broad and unduly burdensome to the extent that it seeks documents from FIG, a

6  non-party to the Netflix Litigation, that Netflix can obtain from other sources,

7  including Uniloc 2017.  FIG also objects to this Request in that it seeks documents

8  that are not relevant to any claims or defenses in the Netflix Litigation and is

9  therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

10  to this Request to the extent it seeks information protected by the attorney-client

11  privilege, the attorney work-product immunity doctrine, the common interest

12  privilege, and any other applicable privilege or protection.  FIG also objects to this

13  Request to the extent it seeks third-party documents that FIG is obligated to keep

14  confidential.  FIG objects to this Request to the extent it requires FIG to search for

15  and produce email in contravention of the applicable ESI Order entered in the

16  Netflix Litigation.

17       On all of these grounds, FIG objects to producing, and will not produce, any

18  documents responsive to this Request.

19  **REQUEST NO. 23.**

20       All Documents and Communications relating to Uniloc 2017's acquisition of
    the Uniloc Asserted Patents from Uniloc Luxembourg S.A.

21
    **RESPONSE TO REQUEST NO. 23.**

22
         In addition to the General Objections, all of which are incorporated by

23
    specific reference herein, FIG objects to this Request as vague, ambiguous, overly

24
    broad and unduly burdensome to the extent that it seeks documents from FIG, a

25  non-party to the Netflix Litigation, that Netflix can obtain from other sources,

26  including Uniloc 2017.  FIG also objects to this Request in that it seeks documents

27  that are not relevant to any claims or defenses in the Netflix Litigation and is

28

-19-

1   therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

2   to this Request to the extent it seeks information protected by the attorney-client

3   privilege, the attorney work-product immunity doctrine, the common interest

4   privilege, and any other applicable privilege or protection.  FIG also objects to this

5   Request to the extent it seeks third-party documents that FIG is obligated to keep

6   confidential.  FIG objects to this Request to the extent it requires FIG to search for

7   and produce email in contravention of the applicable ESI Order entered in the

8   Netflix Litigation.

9       On all of these grounds, FIG objects to producing, and will not produce, any

10   documents responsive to this Request.

11   **REQUEST NO. 24.**

12   All Documents and Communications relating to any valuations of any of the
     Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc

13   Asserted Patents.

14   **RESPONSE TO REQUEST NO. 24.**

15       In addition to the General Objections, all of which are incorporated by

16   specific reference herein, FIG objects to this Request as vague, ambiguous, overly

17   broad and unduly burdensome to the extent that it seeks documents from FIG, a

18   non-party to the Netflix Litigation, that Netflix can obtain from other sources,

19   including Uniloc 2017.  FIG also objects to this Request in that it seeks documents

20   that are not relevant to any claims or defenses in the Netflix Litigation and is

21   therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

22   to this Request to the extent it seeks information protected by the attorney-client

23   privilege, the attorney work-product immunity doctrine, the common interest

24   privilege, and any other applicable privilege or protection.  FIG also objects to this

25   Request to the extent it seeks third-party documents that FIG is obligated to keep

26   confidential.  FIG objects to this Request to the extent it requires FIG to search for

27   and produce email in contravention of the applicable ESI Order entered in the

28   Netflix Litigation.

-20-

1    On all of these grounds, FIG objects to producing, and will not produce, any

2  documents responsive to this Request.

3  **REQUEST NO. 25.**

4    All Documents and Communications relating to any valuations of any of the
   Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc

5  Asserted Patents compared with Your entire patent portfolio.

6  **RESPONSE TO REQUEST NO. 25.**

7    In addition to the General Objections, all of which are incorporated by

8  specific reference herein, FIG objects to this Request as vague, ambiguous, overly

9  broad and unduly burdensome to the extent that it seeks documents from FIG, a

10  non-party to the Netflix Litigation, that Netflix can obtain from other sources,

11  including Uniloc 2017.  FIG also objects to this Request in that it seeks documents

12  that are not relevant to any claims or defenses in the Netflix Litigation and is

13  therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

14  to this Request to the extent it seeks information protected by the attorney-client

15  privilege, the attorney work-product immunity doctrine, the common interest

16  privilege, and any other applicable privilege or protection.  FIG also objects to this

17  Request to the extent it seeks third-party documents that FIG is obligated to keep

18  confidential.  FIG objects to this Request to the extent it requires FIG to search for

19  and produce email in contravention of the applicable ESI Order entered in the

20  Netflix Litigation.

21    On all of these grounds, FIG objects to producing, and will not produce, any

22  documents responsive to this Request.

23  **REQUEST NO. 26.**

24    All Documents and Communications relating to any license agreements
   conferring any rights to any of the Uniloc Asserted Patents or any patent

25  portfolio(s) that include any of the Uniloc Asserted Patents, including licenses
   entered into by You, Uniloc, Uniloc 2017, or any prior assignee.

26

27  **RESPONSE TO REQUEST NO. 26.**

28    In addition to the General Objections, all of which are incorporated by

-21-

specific reference herein, FIG objects to this Request as vague, ambiguous, overly

broad and unduly burdensome to the extent that it seeks documents from FIG, a

non-party to the Netflix Litigation, that Netflix can obtain from other sources,

including Uniloc 2017.  FIG also objects to this Request in that it seeks documents

that are not relevant to any claims or defenses in the Netflix Litigation and is

therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

to this Request to the extent it seeks information protected by the attorney-client

privilege, the attorney work-product immunity doctrine, the common interest

privilege, and any other applicable privilege or protection.  FIG also objects to this

Request to the extent it seeks third-party documents that FIG is obligated to keep

confidential.  FIG objects to this Request to the extent it requires FIG to search for

and produce email in contravention of the applicable ESI Order entered in the

Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any

documents responsive to this Request.

**REQUEST NO. 27.**

All Documents and Communications relating to any agreements conferring
any financial, ownership, or security interests to any of the Uniloc Asserted Patents
or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

**RESPONSE TO REQUEST NO. 27.**

In addition to the General Objections, all of which are incorporated by

specific reference herein, FIG objects to this Request as vague, ambiguous, overly

broad and unduly burdensome to the extent that it seeks documents from FIG, a

non-party to the Netflix Litigation, that Netflix can obtain from other sources,

including Uniloc 2017.  FIG also objects to this Request in that it seeks documents

that are not relevant to any claims or defenses in the Netflix Litigation and is

therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

to this Request to the extent it seeks information protected by the attorney-client

privilege, the attorney work-product immunity doctrine, the common interest

privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 28.**

All Communications regarding any of the Uniloc Asserted Patents involving You, Uniloc 2017, Uniloc, Pendrell, or LINQware.

**RESPONSE TO REQUEST NO. 28.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 29.**

All Communications regarding any of the Uniloc Asserted Patents involving

-23-

any person or entity accused of infringing any of the Uniloc Asserted Patents.

**RESPONSE TO REQUEST NO. 29.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 30.**

All Communications regarding any of the Uniloc Asserted Patents and Netflix.

**RESPONSE TO REQUEST NO. 30.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is

therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

to this Request to the extent it seeks information protected by the attorney-client

privilege, the attorney work-product immunity doctrine, the common interest

privilege, and any other applicable privilege or protection.  FIG also objects to this

Request to the extent it seeks third-party documents that FIG is obligated to keep

confidential.  FIG objects to this Request to the extent it requires FIG to search for

and produce email in contravention of the applicable ESI Order entered in the

Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any

documents responsive to this Request.

**REQUEST NO. 31.**

Documents sufficient to show Your and Uniloc 2017's financial condition
between 2013 and the present including but not limited to balance sheets, income
statements, profit and loss statements, cash flow statements, and other financial
documents reflecting Your and Uniloc 2017's revenues, profits, and losses.

**RESPONSE TO REQUEST NO. 31.**

In addition to the General Objections, all of which are incorporated by

specific reference herein, FIG objects to this Request as vague, ambiguous, overly

broad and unduly burdensome to the extent that it seeks documents from FIG, a

non-party to the Netflix Litigation, that Netflix can obtain from other sources,

including Uniloc 2017.  FIG also objects to this Request in that it seeks documents

that are not relevant to any claims or defenses in the Netflix Litigation and is

therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

to this Request to the extent it seeks information protected by the attorney-client

privilege, the attorney work-product immunity doctrine, the common interest

privilege, and any other applicable privilege or protection.  FIG also objects to this

Request to the extent it seeks third-party documents that FIG is obligated to keep

confidential.

On all of these grounds, FIG objects to producing, and will not produce, any

-25-

1    documents responsive to this Request.

2    **REQUEST NO. 32.**

3    　　　All Documents and Communications relating to any ability by anyone at any
time to grant a license, release, or covenant under any of the Uniloc Asserted
4    Patents.

5    **RESPONSE TO REQUEST NO. 32.**

6    　　　In addition to the General Objections, all of which are incorporated by

7    specific reference herein, FIG objects to this Request as vague, ambiguous, overly

8    broad and unduly burdensome to the extent that it seeks documents from FIG, a

9    non-party to the Netflix Litigation, that Netflix can obtain from other sources,

10   including Uniloc 2017.  FIG also objects to this Request in that it seeks documents

11   that are not relevant to any claims or defenses in the Netflix Litigation and is

12   therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

13   to this Request to the extent it seeks information protected by the attorney-client

14   privilege, the attorney work-product immunity doctrine, the common interest

15   privilege, and any other applicable privilege or protection.  FIG also objects to this

16   Request to the extent it seeks third-party documents that FIG is obligated to keep

17   confidential.  FIG objects to this Request to the extent it requires FIG to search for

18   and produce email in contravention of the applicable ESI Order entered in the

19   Netflix Litigation.

20   　　　On all of these grounds, FIG objects to producing, and will not produce, any

21   documents responsive to this Request.

22   **REQUEST NO. 33.**

23   　　　All Documents and Communications concerning legal proceedings in which
any of the Uniloc Asserted Patents is asserted for infringement.

24   **RESPONSE TO REQUEST NO. 33.**

25   　　　In addition to the General Objections, all of which are incorporated by

26   specific reference herein, FIG objects to this Request as vague, ambiguous, overly

27   broad and unduly burdensome to the extent that it seeks documents from FIG, a

28

-26-

1   non-party to the Netflix Litigation, that Netflix can obtain from other sources,

2   including Uniloc 2017.  FIG also objects to this Request in that it seeks documents

3   that are not relevant to any claims or defenses in the Netflix Litigation and is

4   therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

5   to this Request to the extent it seeks information protected by the attorney-client

6   privilege, the attorney work-product immunity doctrine, the common interest

7   privilege, and any other applicable privilege or protection.  FIG also objects to this

8   Request to the extent it seeks third-party documents that FIG is obligated to keep

9   confidential.  FIG objects to this Request to the extent it requires FIG to search for

10  and produce email in contravention of the applicable ESI Order entered in the

11  Netflix Litigation.

12       On all of these grounds, FIG objects to producing, and will not produce, any

13  documents responsive to this Request.

14  **REQUEST NO. 34.**

15       All Documents including or relating to any analysis of revenue projections
and return on investment of any of the Uniloc Asserted Patents or any patent

16  portfolio(s) that include any of the Uniloc Asserted Patents.

17  **RESPONSE TO REQUEST NO. 34.**

18       In addition to the General Objections, all of which are incorporated by

19  specific reference herein, FIG objects to this Request as vague, ambiguous, overly

20  broad and unduly burdensome to the extent that it seeks documents from FIG, a

21  non-party to the Netflix Litigation, that Netflix can obtain from other sources,

22  including Uniloc 2017.  FIG also objects to this Request in that it seeks documents

23  that are not relevant to any claims or defenses in the Netflix Litigation and is

24  therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

25  to this Request to the extent it seeks information protected by the attorney-client

26  privilege, the attorney work-product immunity doctrine, the common interest

27  privilege, and any other applicable privilege or protection.  FIG also objects to this

28  Request to the extent it seeks third-party documents that FIG is obligated to keep

-27-

confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 35.**

All Documents relating to any analysis of assertion for infringement of any of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

**RESPONSE TO REQUEST NO. 35.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 36.**

All Documents relating to any financial interest You have in any settlement, judgment, damages award, or other relief that results from assertion of the Uniloc

Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

**RESPONSE TO REQUEST NO. 36.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 37.**

All Documents and Communications relating to Netflix's alleged infringement of any of the Uniloc Asserted Patents.

**RESPONSE TO REQUEST NO. 37.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents

-29-

1   that are not relevant to any claims or defenses in the Netflix Litigation and is

2   therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

3   to this Request to the extent it seeks information protected by the attorney-client

4   privilege, the attorney work-product immunity doctrine, the common interest

5   privilege, and any other applicable privilege or protection.  FIG also objects to this

6   Request to the extent it seeks third-party documents that FIG is obligated to keep

7   confidential.  FIG objects to this Request to the extent it requires FIG to search for

8   and produce email in contravention of the applicable ESI Order entered in the

9   Netflix Litigation.

10      On all of these grounds, FIG objects to producing, and will not produce, any

11  documents responsive to this Request.

12  **REQUEST NO. 38.**

13      All Documents and Communications relating to the decision to initiate this
    Litigation against Netflix.

14  **RESPONSE TO REQUEST NO. 38.**

15      In addition to the General Objections, all of which are incorporated by

16  specific reference herein, FIG objects to this Request as vague, ambiguous, overly

17  broad and unduly burdensome to the extent that it seeks documents from FIG, a

18  non-party to the Netflix Litigation, that Netflix can obtain from other sources,

19  including Uniloc 2017.  FIG also objects to this Request in that it seeks documents

20  that are not relevant to any claims or defenses in the Netflix Litigation and is

21  therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

22  to this Request to the extent it seeks information protected by the attorney-client

23  privilege, the attorney work-product immunity doctrine, the common interest

24  privilege, and any other applicable privilege or protection.  FIG also objects to this

25  Request to the extent it seeks third-party documents that FIG is obligated to keep

26  confidential.  FIG objects to this Request to the extent it requires FIG to search for

27  and produce email in contravention of the applicable ESI Order entered in the

28

-30-

1  Netflix Litigation.

2      On all of these grounds, FIG objects to producing, and will not produce, any

3  documents responsive to this Request.

4  **REQUEST NO. 39.**

5      All Documents and Communications relating to any valuation of the
assertion of the Uniloc Asserted Patents against Netflix.

6  **RESPONSE TO REQUEST NO. 39.**

7      In addition to the General Objections, all of which are incorporated by

8  specific reference herein, FIG objects to this Request as vague, ambiguous, overly

9  broad and unduly burdensome to the extent that it seeks documents from FIG, a

10  non-party to the Netflix Litigation, that Netflix can obtain from other sources,

11  including Uniloc 2017.  FIG also objects to this Request in that it seeks documents

12  that are not relevant to any claims or defenses in the Netflix Litigation and is

13  therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

14  to this Request to the extent it seeks information protected by the attorney-client

15  privilege, the attorney work-product immunity doctrine, the common interest

16  privilege, and any other applicable privilege or protection.  FIG also objects to this

17  Request to the extent it seeks third-party documents that FIG is obligated to keep

18  confidential.  FIG objects to this Request to the extent it requires FIG to search for

19  and produce email in contravention of the applicable ESI Order entered in the

20  Netflix Litigation.

21      On all of these grounds, FIG objects to producing, and will not produce, any

22  documents responsive to this Request.

23  **REQUEST NO. 40.**

24      All Documents relating to Your funding of this Litigation against Netflix.

25  **RESPONSE TO REQUEST NO. 40.**

26      In addition to the General Objections, all of which are incorporated by

27  specific reference herein, FIG objects to this Request as vague, ambiguous, overly

28  broad and unduly burdensome to the extent that it seeks documents from FIG, a

-31-

non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG objects to the phrase "funding of this Litigation" as vague and ambiguous.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 41.**

All Documents relating to Your financial interest in the outcome of this Litigation against Netflix.

**RESPONSE TO REQUEST NO. 41.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this

-32-

Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 42.**

All Documents relating to Your financial gains, profits, or revenues that may be attributed to the '229 Patent.

**RESPONSE TO REQUEST NO. 42.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG objects to the phrase "financial gains, profits, or revenues" as vague and ambiguous.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 43.**

All Documents relating to Your financial gains, profits, or revenues that may

-33-

1  be attributed to the '609 Patent.

2  **RESPONSE TO REQUEST NO. 43.**

3       In addition to the General Objections, all of which are incorporated by

4  specific reference herein, FIG objects to this Request as vague, ambiguous, overly

5  broad and unduly burdensome to the extent that it seeks documents from FIG, a

6  non-party to the Netflix Litigation, that Netflix can obtain from other sources,

7  including Uniloc 2017.  FIG objects to the phrase "financial gains, profits, or

8  revenues" as vague and ambiguous.  FIG also objects to this Request in that it seeks

9  documents that are not relevant to any claims or defenses in the Netflix Litigation

10  and is therefore not proportional to the needs of the Netflix Litigation.  FIG further

11  objects to this Request to the extent it seeks information protected by the attorney-

12  client privilege, the attorney work-product immunity doctrine, the common interest

13  privilege, and any other applicable privilege or protection.  FIG also objects to this

14  Request to the extent it seeks third-party documents that FIG is obligated to keep

15  confidential.  FIG objects to this Request to the extent it requires FIG to search for

16  and produce email in contravention of the applicable ESI Order entered in the

17  Netflix Litigation.

18       On all of these grounds, FIG objects to producing, and will not produce, any

19  documents responsive to this Request.

20  **REQUEST NO. 44.**

21       All Documents relating to Your financial gains, profits, or revenues that may
    be attributed to the '273 Patent.

22  **RESPONSE TO REQUEST NO. 44.**

23       In addition to the General Objections, all of which are incorporated by

24  specific reference herein, FIG objects to this Request as vague, ambiguous, overly

25  broad and unduly burdensome to the extent that it seeks documents from FIG, a

26  non-party to the Netflix Litigation, that Netflix can obtain from other sources,

27  including Uniloc 2017.  FIG objects to the phrase "financial gains, profits, or

28

-34-

revenues" as vague and ambiguous.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 45.**

All Documents and Communications relating to Your offers, requests, discussion, and negotiations to provide a license to the '229 Patent.

**RESPONSE TO REQUEST NO. 45.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the

-35-

1   Netflix Litigation.

2   On all of these grounds, FIG objects to producing, and will not produce, any

3   documents responsive to this Request.

4   **REQUEST NO. 46.**

5   All Documents and Communications relating to Your offers, requests,
    discussion, and negotiations to provide a license to the '609 Patent.

6   **RESPONSE TO REQUEST NO. 46.**

7   In addition to the General Objections, all of which are incorporated by

8   specific reference herein, FIG objects to this Request as vague, ambiguous, overly

9   broad and unduly burdensome to the extent that it seeks documents from FIG, a

10  non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks

11  documents that are not relevant to any claims or defenses in the Netflix Litigation

12  and is therefore not proportional to the needs of the Netflix Litigation.  FIG further

13  objects to this Request to the extent it seeks information protected by the attorney-

14  client privilege, the attorney work-product immunity doctrine, the common interest

15  privilege, and any other applicable privilege or protection.  FIG also objects to this

16  Request to the extent it seeks third-party documents that FIG is obligated to keep

17  confidential.  FIG objects to this Request to the extent it requires FIG to search for

18  and produce email in contravention of the applicable ESI Order entered in the

19  Netflix Litigation.

20  On all of these grounds, FIG objects to producing, and will not produce, any

21  documents responsive to this Request.

22  **REQUEST NO. 47.**

23  All Documents and Communications relating to Your offers, requests,
    discussion, and negotiations to provide a license to the '273 Patent.

24

25  **RESPONSE TO REQUEST NO. 47.**

26  In addition to the General Objections, all of which are incorporated by

27  specific reference herein, FIG objects to this Request as vague, ambiguous, overly

28  broad and unduly burdensome to the extent that it seeks documents from FIG, a

-36-

non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 48.**

All Documents and Communications referenced in the May 3, 2018 Payoff and Termination Agreement (produced at UNILOC_0004017).

**RESPONSE TO REQUEST NO. 48.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for

-37-

and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 49.**

All Documents and Communications addressing or relating to the relative value of any of the Uniloc Asserted Patents in relation to other patents, including but not limited to relative value of any of the Uniloc Asserted Patents compared to other patents that were acquired as part of the same portfolio or other patents licensed as part of the same portfolio.

**RESPONSE TO REQUEST NO. 49.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 50.**

Any business plan that references this Litigation.

**RESPONSE TO REQUEST NO. 50.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 51.**

Any business plan that references Netflix.

**RESPONSE TO REQUEST NO. 51.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this

-39-

Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 52.**

Any business plan that references the Uniloc Asserted Patents.

**RESPONSE TO REQUEST NO. 52.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 53.**

Any business plan that references the Pendrell Portfolio or any of the assets therein.

**RESPONSE TO REQUEST NO. 53.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks

-40-

1   documents that are not relevant to any claims or defenses in the Netflix Litigation

2   and is therefore not proportional to the needs of the Netflix Litigation.  FIG further

3   objects to this Request to the extent it seeks information protected by the attorney-

4   client privilege, the attorney work-product immunity doctrine, the common interest

5   privilege, and any other applicable privilege or protection.  FIG also objects to this

6   Request to the extent it seeks third-party documents that FIG is obligated to keep

7   confidential.

8        On all of these grounds, FIG objects to producing, and will not produce, any

9   documents responsive to this Request.

10   **REQUEST NO. 54.**

11        Any business plan that references the LINQware Portfolio or any of the
assets therein.

12   **RESPONSE TO REQUEST NO. 54.**

13        In addition to the General Objections, all of which are incorporated by

14   specific reference herein, FIG objects to this Request as vague, ambiguous, overly

15   broad and unduly burdensome to the extent that it seeks documents from FIG, a

16   non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks

17   documents that are not relevant to any claims or defenses in the Netflix Litigation

18   and is therefore not proportional to the needs of the Netflix Litigation.  FIG further

19   objects to this Request to the extent it seeks information protected by the attorney-

20   client privilege, the attorney work-product immunity doctrine, the common interest

21   privilege, and any other applicable privilege or protection.  FIG also objects to this

22   Request to the extent it seeks third-party documents that FIG is obligated to keep

23   confidential.

24        On all of these grounds, FIG objects to producing, and will not produce, any

25   documents responsive to this Request.

26   **REQUEST NO. 55.**

27        Any communication to investors that references this Litigation.

28

**RESPONSE TO REQUEST NO. 55.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 56.**

Any communication to investors that references Netflix.

**RESPONSE TO REQUEST NO. 56.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this

-42-

Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 57.**

Any communication to investors that references the Uniloc Asserted Patents.

**RESPONSE TO REQUEST NO. 57.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 58.**

Any communication to investors that references the Pendrell Portfolio or any of the assets therein.

**RESPONSE TO REQUEST NO. 58.**

In addition to the General Objections, all of which are incorporated by

1  specific reference herein, FIG objects to this Request as vague, ambiguous, overly

2  broad and unduly burdensome to the extent that it seeks documents from FIG, a

3  non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks

4  documents that are not relevant to any claims or defenses in the Netflix Litigation

5  and is therefore not proportional to the needs of the Netflix Litigation.  FIG further

6  objects to this Request to the extent it seeks information protected by the attorney-

7  client privilege, the attorney work-product immunity doctrine, the common interest

8  privilege, and any other applicable privilege or protection.  FIG also objects to this

9  Request to the extent it seeks third-party documents that FIG is obligated to keep

10  confidential.  FIG objects to this Request to the extent it requires FIG to search for

11  and produce email in contravention of the applicable ESI Order entered in the

12  Netflix Litigation.

13  On all of these grounds, FIG objects to producing, and will not produce, any

14  documents responsive to this Request.

15  **REQUEST NO. 59.**

16  Any communication to investors that references the LINQware Portfolio or
   any of the assets therein.

17  **RESPONSE TO REQUEST NO. 59.**

18  In addition to the General Objections, all of which are incorporated by

19  specific reference herein, FIG objects to this Request as vague, ambiguous, overly

20  broad and unduly burdensome to the extent that it seeks documents from FIG, a

21  non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks

22  documents that are not relevant to any claims or defenses in the Netflix Litigation

23  and is therefore not proportional to the needs of the Netflix Litigation.  FIG further

24  objects to this Request to the extent it seeks information protected by the attorney-

25  client privilege, the attorney work-product immunity doctrine, the common interest

26  privilege, and any other applicable privilege or protection.  FIG also objects to this

27  Request to the extent it seeks third-party documents that FIG is obligated to keep

28

confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 60.**

Any communication with or report to Softbank Corp. regarding this Litigation.

**RESPONSE TO REQUEST NO. 60.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 61.**

Any communication with or report to Softbank Corp. regarding Netflix.

**RESPONSE TO REQUEST NO. 61.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly

-45-

broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 62.**

Any communication with or report to Softbank Corp. regarding the Uniloc Asserted Patents.

**RESPONSE TO REQUEST NO. 62.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for

-46-

and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 63.**

Any communication with or report to Softbank Corp. regarding the Pendrell Portfolio or any of the assets therein.

**RESPONSE TO REQUEST NO. 63.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 64.**

Any communication with or report to Softbank Corp. regarding the LINQware Portfolio or any of the assets therein.

**RESPONSE TO REQUEST NO. 64.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly

broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 65.**

Any forecasts and/or outlook on any possible results related to this Litigation, Netflix, the Uniloc Asserted Patents, the Pendrell Portfolio or any of the assets therein, and/or LINQware Portfolio or any of the assets therein.

**RESPONSE TO REQUEST NO. 65.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for

-48-

1   and produce email in contravention of the applicable ESI Order entered in the

2   Netflix Litigation.

3        On all of these grounds, FIG objects to producing, and will not produce, any

4   documents responsive to this Request.

5   **REQUEST NO. 66.**

6        All Documents and Communications relating to patent assertion strategy
involving any of the Uniloc Asserted Patents or any patent portfolio(s) that include

7   any of the Uniloc Asserted Patents.

8   **RESPONSE TO REQUEST NO. 66.**

9        In addition to the General Objections, all of which are incorporated by

10  specific reference herein, FIG objects to this Request as vague, ambiguous, overly

11  broad and unduly burdensome to the extent that it seeks documents from FIG, a

12  non-party to the Netflix Litigation, that Netflix can obtain from other sources,

13  including Uniloc 2017.  FIG also objects to this Request in that it seeks documents

14  that are not relevant to any claims or defenses in the Netflix Litigation and is

15  therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

16  to this Request to the extent it seeks information protected by the attorney-client

17  privilege, the attorney work-product immunity doctrine, the common interest

18  privilege, and any other applicable privilege or protection.  FIG also objects to this

19  Request to the extent it seeks third-party documents that FIG is obligated to keep

20  confidential.  FIG objects to this Request to the extent it requires FIG to search for

21  and produce email in contravention of the applicable ESI Order entered in the

22  Netflix Litigation.

23       On all of these grounds, FIG objects to producing, and will not produce, any

24  documents responsive to this Request.

25  **REQUEST NO. 67.**

26       All Documents and Communications relating to Softbank Corp.'s decision to
invest in You, including but not limited to any valuation conducted by Softbank

27  Corp. of the Uniloc Asserted Patents or any patent portfolio(s) that include any of
the Uniloc Asserted Patents.

28

-49-

**RESPONSE TO REQUEST NO. 67.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 68.**

All Documents and Communications relating to any agreement involving Your investment in or ownership of any patent assertion entity and the reasons for any subsequent change or modification in the terms of any such agreement.

**RESPONSE TO REQUEST NO. 68.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest

privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 69.**

All Documents and Communications relating to Your strategy to drive up the costs of defense in any patent assertion campaigns in which You are a party.

**RESPONSE TO REQUEST NO. 69.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks documents from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Request in that it seeks documents that are not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Request to the extent it seeks third-party documents that FIG is obligated to keep confidential.  FIG objects to this Request to the extent it requires FIG to search for and produce email in contravention of the applicable ESI Order entered in the Netflix Litigation.

On all of these grounds, FIG objects to producing, and will not produce, any documents responsive to this Request.

**REQUEST NO. 70.**

All Documents and Communications relating to the amount of control exercised by You in Uniloc 2017 and/or Uniloc.

-51-

1    **RESPONSE TO REQUEST NO. 70.**

2         In addition to the General Objections, all of which are incorporated by

3    specific reference herein, FIG objects to this Request as vague, ambiguous, overly

4    broad and unduly burdensome to the extent that it seeks documents from FIG, a

5    non-party to the Netflix Litigation, that Netflix can obtain from other sources,

6    including Uniloc 2017.  FIG also objects to this Request in that it seeks documents

7    that are not relevant to any claims or defenses in the Netflix Litigation and is

8    therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

9    to this Request to the extent it seeks information protected by the attorney-client

10   privilege, the attorney work-product immunity doctrine, the common interest

11   privilege, and any other applicable privilege or protection.  FIG also objects to this

12   Request to the extent it seeks third-party documents that FIG is obligated to keep

13   confidential.  FIG objects to this Request to the extent it requires FIG to search for

14   and produce email in contravention of the applicable ESI Order entered in the

15   Netflix Litigation.

16        On all of these grounds, FIG objects to producing, and will not produce, any

17   documents responsive to this Request.

18                    **OBJECTIONS TO DEPOSITION TOPICS**

19   **TOPIC NO. 1.**

20        Your current and former composition, ownership, corporate structure and
     operation, including without limitation, facts concerning Your creation, funding,
21   and operation; an identification of Your present members, managers, officers,
22   employees, and agents; and the positions, titles, and interests of any identified
     individuals.
23
     **RESPONSE TO TOPIC NO. 1.**
24
25        In addition to the General Objections, all of which are incorporated by

26   specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

27   broad and unduly burdensome in that it requests information from FIG, a non-party

28   to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information

-52-

that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 2.**

Uniloc 2017's current and former composition, ownership, corporate structure and operation, including without limitation, facts concerning Uniloc 2017's formation, creation, funding, and operation; an identification of Uniloc 2017's present members, managers, officers, employees, and agents; and the positions, titles, and interests of any identified individuals.

**RESPONSE TO TOPIC NO. 2.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 3.**

The business relationship between You and Uniloc, including the date the relationship began and the scope of the relationship.

**RESPONSE TO TOPIC NO. 3.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 4.**

Agreements entered into between You and Uniloc.

**RESPONSE TO TOPIC NO. 4.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any

-54-

other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 5.**

The business relationship between You and Uniloc 2017, including the date the relationship began and the scope of the relationship.

**RESPONSE TO TOPIC NO. 5.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 6.**

Agreements entered into between You and Uniloc 2017.

**RESPONSE TO TOPIC NO. 6.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

-55-

relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 7.**

Your revenues, expenses, and profits from patent asserting activities since 2013.

**RESPONSE TO TOPIC NO. 7.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 8.**

Your policies, practices, and customs concerning patent asserting activities since 2013.

**RESPONSE TO TOPIC NO. 8.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation. FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation. FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection. FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 9.**

IPG Electronics 502 Limited's acquisition of patents including the '229 Patent from Electronics and Telecommunications Research Institute (ETRI).

**RESPONSE TO TOPIC NO. 9.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017. FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation. FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection. FIG also objects to this Topic to the extent

-57-

1  it seeks third-party information that FIG is obligated to keep confidential.

2      On all of these grounds, FIG objects to producing, and will not produce, any

3  witnesses to testify regarding this Topic.

4  **TOPIC NO. 10.**

5      Pendrell's acquisition of patents including the '229 Patent from IPG
   Electronics 502 Limited.

6  **RESPONSE TO TOPIC NO. 10.**

7      In addition to the General Objections, all of which are incorporated by

8  specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

9  broad and unduly burdensome in that it requests information from FIG, a non-party

10 to the Netflix Litigation, that Netflix can obtain from other sources, including

11 Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

12 relevant to any claims or defenses in the Netflix Litigation and is therefore not

13 proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic

14 to the extent it seeks information protected by the attorney-client privilege, the

15 attorney work-product immunity doctrine, the common interest privilege, and any

16 other applicable privilege or protection.  FIG also objects to this Topic to the extent

17 it seeks third-party information that FIG is obligated to keep confidential.

18     On all of these grounds, FIG objects to producing, and will not produce, any

19 witnesses to testify regarding this Topic.

20 **TOPIC NO. 11.**

21     Uniloc's acquisition of the Pendrell Portfolio patents from Pendrell.

22 **RESPONSE TO TOPIC NO. 11.**

23     In addition to the General Objections, all of which are incorporated by

24 specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

25 broad and unduly burdensome in that it requests information from FIG, a non-party

26 to the Netflix Litigation, that Netflix can obtain from other sources, including

27 Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

28 relevant to any claims or defenses in the Netflix Litigation and is therefore not

-58-

proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 12.**

Communications with Uniloc relating to the acquisition of the Pendrell Portfolio patents.

**RESPONSE TO TOPIC NO. 12.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 13.**

Communications with Pendrell relating to the acquisition of the Pendrell Portfolio patents.

**RESPONSE TO TOPIC NO. 13.**

In addition to the General Objections, all of which are incorporated by

-59-

specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 14.**

Agreements and licenses between You and Uniloc concerning any rights to any of the Pendrell Portfolio patents.

**RESPONSE TO TOPIC NO. 14.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any

-60-

witnesses to testify regarding this Topic.

**TOPIC NO. 15.**

Valuations of any of the Pendrell Portfolio patents.

**RESPONSE TO TOPIC NO. 15.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017. FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation. FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection. FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 16.**

Uniloc's acquisition of the LINQware Portfolio patents from LINQware.

**RESPONSE TO TOPIC NO. 16.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017. FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation. FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the

-61-

attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 17.**

Communications with Uniloc relating to the acquisition of the LINQware Portfolio patents.

**RESPONSE TO TOPIC NO. 17.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 18.**

Communications with LINQware relating to the acquisition of the LINQware Portfolio patents.

**RESPONSE TO TOPIC NO. 18.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party

-62-

1  to the Netflix Litigation, that Netflix can obtain from other sources, including

2  Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

3  relevant to any claims or defenses in the Netflix Litigation and is therefore not

4  proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic

5  to the extent it seeks information protected by the attorney-client privilege, the

6  attorney work-product immunity doctrine, the common interest privilege, and any

7  other applicable privilege or protection.  FIG also objects to this Topic to the extent

8  it seeks third-party information that FIG is obligated to keep confidential.

9      On all of these grounds, FIG objects to producing, and will not produce, any

10  witnesses to testify regarding this Topic.

11  **TOPIC NO. 19.**

12      Agreements and licenses between You and Uniloc concerning any rights to
   any of the LINQware Portfolio patents.

13  **RESPONSE TO TOPIC NO. 19.**

14      In addition to the General Objections, all of which are incorporated by

15  specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

16  broad and unduly burdensome in that it requests information from FIG, a non-party

17  to the Netflix Litigation, that Netflix can obtain from other sources, including

18  Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

19  relevant to any claims or defenses in the Netflix Litigation and is therefore not

20  proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic

21  to the extent it seeks information protected by the attorney-client privilege, the

22  attorney work-product immunity doctrine, the common interest privilege, and any

23  other applicable privilege or protection.  FIG also objects to this Topic to the extent

24  it seeks third-party information that FIG is obligated to keep confidential.

25      On all of these grounds, FIG objects to producing, and will not produce, any

26  witnesses to testify regarding this Topic.

27  **TOPIC NO. 20.**

28      Valuations of any of the LINQware Portfolio patents.

-63-

**RESPONSE TO TOPIC NO. 20.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 21.**

Uniloc 2017's acquisition of the Uniloc Asserted Patents from Uniloc Luxembourg S.A.

**RESPONSE TO TOPIC NO. 21.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent

-64-

1    it seeks third-party information that FIG is obligated to keep confidential.

2           On all of these grounds, FIG objects to producing, and will not produce, any

3    witnesses to testify regarding this Topic.

4    **TOPIC NO. 22.**

5           Valuations of any of the Uniloc Asserted Patents or any patent portfolio(s)
     that include any of the Uniloc Asserted Patents.

6    **RESPONSE TO TOPIC NO. 22.**

7           In addition to the General Objections, all of which are incorporated by

8    specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

9    broad and unduly burdensome in that it requests information from FIG, a non-party

10   to the Netflix Litigation, that Netflix can obtain from other sources, including

11   Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

12   relevant to any claims or defenses in the Netflix Litigation and is therefore not

13   proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic

14   to the extent it seeks information protected by the attorney-client privilege, the

15   attorney work-product immunity doctrine, the common interest privilege, and any

16   other applicable privilege or protection.  FIG also objects to this Topic to the extent

17   it seeks third-party information that FIG is obligated to keep confidential.

18          On all of these grounds, FIG objects to producing, and will not produce, any

19   witnesses to testify regarding this Topic.

20   **TOPIC NO. 23.**

21          Valuations of any of the Uniloc Asserted Patents or any patent portfolio(s)
     that include any of the Uniloc Asserted Patents compared with Your entire patent
22   portfolio.

23   **RESPONSE TO TOPIC NO. 23.**

24          In addition to the General Objections, all of which are incorporated by

25   specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

26   broad and unduly burdensome in that it requests information from FIG, a non-party

27   to the Netflix Litigation, that Netflix can obtain from other sources, including

28

-65-

1  Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

2  relevant to any claims or defenses in the Netflix Litigation and is therefore not

3  proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic

4  to the extent it seeks information protected by the attorney-client privilege, the

5  attorney work-product immunity doctrine, the common interest privilege, and any

6  other applicable privilege or protection.  FIG also objects to this Topic to the extent

7  it seeks third-party information that FIG is obligated to keep confidential.

8       On all of these grounds, FIG objects to producing, and will not produce, any

9  witnesses to testify regarding this Topic.

10 **TOPIC NO. 24.**

11      License agreements conferring any rights to any of the Uniloc Asserted
   Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents,
12 including licenses entered into by You, Uniloc, Uniloc 2017, or any prior assignee.

13 **RESPONSE TO TOPIC NO. 24.**

14      In addition to the General Objections, all of which are incorporated by

15 specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

16 broad and unduly burdensome in that it requests information from FIG, a non-party

17 to the Netflix Litigation, that Netflix can obtain from other sources, including

18 Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

19 relevant to any claims or defenses in the Netflix Litigation and is therefore not

20 proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic

21 to the extent it seeks information protected by the attorney-client privilege, the

22 attorney work-product immunity doctrine, the common interest privilege, and any

23 other applicable privilege or protection.  FIG also objects to this Topic to the extent

24 it seeks third-party information that FIG is obligated to keep confidential.

25      On all of these grounds, FIG objects to producing, and will not produce, any

26 witnesses to testify regarding this Topic.

27 **TOPIC NO. 25.**

28      Agreements conferring any financial, ownership, or security interests to any

-66-

of the Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

**RESPONSE TO TOPIC NO. 25.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 26.**

Communications regarding any of the Uniloc Asserted Patents involving You, Uniloc 2017, Uniloc, Pendrell, or LINQware.

**RESPONSE TO TOPIC NO. 26.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the

-67-

attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 27.**

Communications regarding any of the Uniloc Asserted Patents involving any person or entity accused of infringing any of the Uniloc Asserted Patents.

**RESPONSE TO TOPIC NO. 27.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 28.**

Communications regarding any of the Uniloc Asserted Patents and Netflix.

**RESPONSE TO TOPIC NO. 28.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including

-68-

Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 29.**

Your and Uniloc 2017's financial condition between 2013 and the present including but not limited to Your and Uniloc 2017's revenues, profits, and losses.

**RESPONSE TO TOPIC NO. 29.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 30.**

Any ability by anyone at any time to grant a license, release, or covenant under any of the Uniloc Asserted Patents.

-69-

1    **RESPONSE TO TOPIC NO. 30.**

2          In addition to the General Objections, all of which are incorporated by

3    specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

4    broad and unduly burdensome in that it requests information from FIG, a non-party

5    to the Netflix Litigation, that Netflix can obtain from other sources, including

6    Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

7    relevant to any claims or defenses in the Netflix Litigation and is therefore not

8    proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic

9    to the extent it seeks information protected by the attorney-client privilege, the

10   attorney work-product immunity doctrine, the common interest privilege, and any

11   other applicable privilege or protection.  FIG also objects to this Topic to the extent

12   it seeks third-party information that FIG is obligated to keep confidential.

13         On all of these grounds, FIG objects to producing, and will not produce, any

14   witnesses to testify regarding this Topic.

15   **TOPIC NO. 31.**

16         Legal proceedings in which any of the Uniloc Asserted Patents is asserted for
     infringement.

17   **RESPONSE TO TOPIC NO. 31.**

18         In addition to the General Objections, all of which are incorporated by

19   specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

20   broad and unduly burdensome in that it requests information from FIG, a non-party

21   to the Netflix Litigation, that Netflix can obtain from other sources, including

22   Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

23   relevant to any claims or defenses in the Netflix Litigation and is therefore not

24   proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic

25   to the extent it seeks information protected by the attorney-client privilege, the

26   attorney work-product immunity doctrine, the common interest privilege, and any

27   other applicable privilege or protection.  FIG also objects to this Topic to the extent

28

-70-

1    it seeks third-party information that FIG is obligated to keep confidential.

2         On all of these grounds, FIG objects to producing, and will not produce, any

3    witnesses to testify regarding this Topic.

4    **TOPIC NO. 32.**

5    Analysis of revenue projections and return on investment of any of the
     Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc

6    Asserted Patents.

7    **RESPONSE TO TOPIC NO. 32.**

8         In addition to the General Objections, all of which are incorporated by

9    specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

10   broad and unduly burdensome in that it requests information from FIG, a non-party

11   to the Netflix Litigation, that Netflix can obtain from other sources, including

12   Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

13   relevant to any claims or defenses in the Netflix Litigation and is therefore not

14   proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic

15   to the extent it seeks information protected by the attorney-client privilege, the

16   attorney work-product immunity doctrine, the common interest privilege, and any

17   other applicable privilege or protection.  FIG also objects to this Topic to the extent

18   it seeks third-party information that FIG is obligated to keep confidential.

19        On all of these grounds, FIG objects to producing, and will not produce, any

20   witnesses to testify regarding this Topic.

21   **TOPIC NO. 33.**

22   Analysis of assertion for infringement of any of the Uniloc Asserted Patents
     or any patent portfolio(s) that include any of the Uniloc Asserted Patents.

23   **RESPONSE TO TOPIC NO. 33.**

24        In addition to the General Objections, all of which are incorporated by

25   specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

26   broad and unduly burdensome in that it requests information from FIG, a non-party

27   to the Netflix Litigation, that Netflix can obtain from other sources, including

28

-71-

THIRD PARTY FORTRESS INVESTMENT GROUP LLC'S RESPONSES AND OBJECTIONS TO NETFLIX, INC.'S
DOCUMENT PRODUCTION AND DEPOSITION SUBPOENAS - 8:18-CV-02055

1  Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

2  relevant to any claims or defenses in the Netflix Litigation and is therefore not

3  proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic

4  to the extent it seeks information protected by the attorney-client privilege, the

5  attorney work-product immunity doctrine, the common interest privilege, and any

6  other applicable privilege or protection.  FIG also objects to this Topic to the extent

7  it seeks third-party information that FIG is obligated to keep confidential.

8      On all of these grounds, FIG objects to producing, and will not produce, any

9  witnesses to testify regarding this Topic.

10  **TOPIC NO. 34.**

11  Financial interest You have in any settlement, judgment, damages award, or
    other relief that results from assertion of the Uniloc Asserted Patents or any patent

12  portfolio(s) that include any of the Uniloc Asserted Patents.

13  **RESPONSE TO TOPIC NO. 34.**

14      In addition to the General Objections, all of which are incorporated by

15  specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

16  broad and unduly burdensome in that it requests information from FIG, a non-party

17  to the Netflix Litigation, that Netflix can obtain from other sources, including

18  Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

19  relevant to any claims or defenses in the Netflix Litigation and is therefore not

20  proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic

21  to the extent it seeks information protected by the attorney-client privilege, the

22  attorney work-product immunity doctrine, the common interest privilege, and any

23  other applicable privilege or protection.  FIG also objects to this Topic to the extent

24  it seeks third-party information that FIG is obligated to keep confidential.

25      On all of these grounds, FIG objects to producing, and will not produce, any

26  witnesses to testify regarding this Topic.

27  **TOPIC NO. 35.**

28      Communications relating to Netflix's alleged infringement of any of the

-72-

1  Uniloc Asserted Patents.

2  **RESPONSE TO TOPIC NO. 35.**

3          In addition to the General Objections, all of which are incorporated by

4  specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

5  broad and unduly burdensome in that it requests information from FIG, a non-party

6  to the Netflix Litigation, that Netflix can obtain from other sources, including

7  Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

8  relevant to any claims or defenses in the Netflix Litigation and is therefore not

9  proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic

10  to the extent it seeks information protected by the attorney-client privilege, the

11  attorney work-product immunity doctrine, the common interest privilege, and any

12  other applicable privilege or protection.  FIG also objects to this Topic to the extent

13  it seeks third-party information that FIG is obligated to keep confidential.

14          On all of these grounds, FIG objects to producing, and will not produce, any

15  witnesses to testify regarding this Topic.

16  **TOPIC NO. 36.**

17          Communications relating to the decision to initiate this Litigation against
    Netflix.

18  **RESPONSE TO TOPIC NO. 36.**

19          In addition to the General Objections, all of which are incorporated by

20  specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

21  broad and unduly burdensome in that it requests information from FIG, a non-party

22  to the Netflix Litigation, that Netflix can obtain from other sources, including

23  Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

24  relevant to any claims or defenses in the Netflix Litigation and is therefore not

25  proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic

26  to the extent it seeks information protected by the attorney-client privilege, the

27  attorney work-product immunity doctrine, the common interest privilege, and any

28

-73-

other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 37.**

Valuation of the assertion of the Uniloc Asserted Patents against Netflix.

**RESPONSE TO TOPIC NO. 37.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 38.**

Your funding of this Litigation against Netflix.

**RESPONSE TO TOPIC NO. 38.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG objects to the phrase "funding of this Litigation" as vague and

-74-

ambiguous.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 39.**

Your financial interest in the outcome of this Litigation against Netflix.

**RESPONSE TO TOPIC NO. 39.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 40.**

Your financial gains, profits, or revenues that may be attributed to the '229 Patent.

**RESPONSE TO TOPIC NO. 40.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG objects to the phrase "financial gains, profits, or revenues" as vague and ambiguous.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 41.**

Your financial gains, profits, or revenues that may be attributed to the '609 Patent.

**RESPONSE TO TOPIC NO. 41.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG objects to the phrase "financial gains, profits, or revenues" as vague and ambiguous.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

-76-

to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 42.**

Your financial gains, profits, or revenues that may be attributed to the '273 Patent.

**RESPONSE TO TOPIC NO. 42.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG objects to the phrase "financial gains, profits, or revenues" as vague and ambiguous.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 43.**

Your offers, requests, discussion, and negotiations to provide a license to the '229 Patent.

1 **RESPONSE TO TOPIC NO. 43.**

2      In addition to the General Objections, all of which are incorporated by

3 specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

4 broad and unduly burdensome in that it requests information from FIG, a non-party

5 to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information

6 that is not relevant to any claims or defenses in the Netflix Litigation and is

7 therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

8 to this Topic to the extent it seeks information protected by the attorney-client

9 privilege, the attorney work-product immunity doctrine, the common interest

10 privilege, and any other applicable privilege or protection.  FIG also objects to this

11 Topic to the extent it seeks third-party information that FIG is obligated to keep

12 confidential.

13      On all of these grounds, FIG objects to producing, and will not produce, any

14 witnesses to testify regarding this Topic.

15 **TOPIC NO. 44.**

16      Your offers, requests, discussion, and negotiations to provide a license to the
'609 Patent.

17 **RESPONSE TO TOPIC NO. 44.**

18      In addition to the General Objections, all of which are incorporated by

19 specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

20 broad and unduly burdensome in that it requests information from FIG, a non-party

21 to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information

22 that is not relevant to any claims or defenses in the Netflix Litigation and is

23 therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

24 to this Topic to the extent it seeks information protected by the attorney-client

25 privilege, the attorney work-product immunity doctrine, the common interest

26 privilege, and any other applicable privilege or protection.  FIG also objects to this

27 Topic to the extent it seeks third-party information that FIG is obligated to keep

28

THIRD PARTY FORTRESS INVESTMENT GROUP LLC'S RESPONSES AND OBJECTIONS TO NETFLIX, INC.'S
DOCUMENT PRODUCTION AND DEPOSITION SUBPOENAS - 8:18-CV-02055

confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 45.**

Your offers, requests, discussion, and negotiations to provide a license to the '273 Patent.

**RESPONSE TO TOPIC NO. 45.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 46.**

The May 3, 2018 Payoff and Termination Agreement (produced at UNILOC_0004017).

**RESPONSE TO TOPIC NO. 46.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

-79-

relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 47.**

The relative value of any of the Uniloc Asserted Patents in relation to other patents, including but not limited to relative value of any of the Uniloc Asserted Patents compared to other patents that were acquired as part of the same portfolio or other patents licensed as part of the same portfolio.

**RESPONSE TO TOPIC NO. 47.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 48.**

Any business plan that references this Litigation.

-80-

1  **RESPONSE TO TOPIC NO. 48.**

2       In addition to the General Objections, all of which are incorporated by

3  specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

4  broad and unduly burdensome in that it requests information from FIG, a non-party

5  to the Netflix Litigation, that Netflix can obtain from other sources, including

6  Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

7  relevant to any claims or defenses in the Netflix Litigation and is therefore not

8  proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic

9  to the extent it seeks information protected by the attorney-client privilege, the

10  attorney work-product immunity doctrine, the common interest privilege, and any

11  other applicable privilege or protection.  FIG also objects to this Topic to the extent

12  it seeks third-party information that FIG is obligated to keep confidential.

13       On all of these grounds, FIG objects to producing, and will not produce, any

14  witnesses to testify regarding this Topic.

15  **TOPIC NO. 49.**

16       Any business plan that references Netflix.

17  **RESPONSE TO TOPIC NO. 49.**

18       In addition to the General Objections, all of which are incorporated by

19  specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

20  broad and unduly burdensome in that it requests information from FIG, a non-party

21  to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information

22  that is not relevant to any claims or defenses in the Netflix Litigation and is

23  therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

24  to this Topic to the extent it seeks information protected by the attorney-client

25  privilege, the attorney work-product immunity doctrine, the common interest

26  privilege, and any other applicable privilege or protection.  FIG also objects to this

27  Topic to the extent it seeks third-party information that FIG is obligated to keep

28  confidential.

-81-

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 50.**

Any business plan that references the Uniloc Asserted Patents.

**RESPONSE TO TOPIC NO. 50.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 51.**

Any business plan that references the Pendrell Portfolio or any of the assets therein.

**RESPONSE TO TOPIC NO. 51.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client

-82-

privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 52.**

Any business plan that references the LINQware Portfolio or any of the assets therein.

**RESPONSE TO TOPIC NO. 52.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 53.**

Any communication to investors that references this Litigation.

**RESPONSE TO TOPIC NO. 53.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party

-83-

to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 54.**

Any communication to investors that references Netflix.

**RESPONSE TO TOPIC NO. 54.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 55.**

Any communication to investors that references the Uniloc Asserted Patents.

-84-

**RESPONSE TO TOPIC NO. 55.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 56.**

Any communication to investors that references the Pendrell Portfolio or any of the assets therein.

**RESPONSE TO TOPIC NO. 56.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep

confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 57.**

Any communication to investors that references the LINQware Portfolio or any of the assets therein.

**RESPONSE TO TOPIC NO. 57.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 58.**

Any communication with or report to Softbank Corp. regarding this Litigation.

**RESPONSE TO TOPIC NO. 58.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is

-86-

therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 59.**

Any communication with or report to Softbank Corp. regarding Netflix.

**RESPONSE TO TOPIC NO. 59.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 60.**

Any communication with or report to Softbank Corp. regarding the Uniloc Asserted Patents.

**RESPONSE TO TOPIC NO. 60.**

In addition to the General Objections, all of which are incorporated by

-87-

specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 61.**

Any communication with or report to Softbank Corp. regarding the Pendrell Portfolio or any of the assets therein.

**RESPONSE TO TOPIC NO. 61.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any

-88-

witnesses to testify regarding this Topic.

**TOPIC NO. 62.**

Any communication with or report to Softbank Corp. regarding the LINQware Portfolio or any of the assets therein.

**RESPONSE TO TOPIC NO. 62.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 63.**

Any forecasts and/or outlook on any possible results related to this Litigation, Netflix, the Uniloc Asserted Patents, the Pendrell Portfolio or any of the assets therein, and/or LINQware Portfolio or any of the assets therein.

**RESPONSE TO TOPIC NO. 63.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

-89-

to this Topic to the extent it seeks information protected by the attorney-client

privilege, the attorney work-product immunity doctrine, the common interest

privilege, and any other applicable privilege or protection.  FIG also objects to this

Topic to the extent it seeks third-party information that FIG is obligated to keep

confidential.

On all of these grounds, FIG objects to producing, and will not produce, any

witnesses to testify regarding this Topic.

**TOPIC NO. 64.**

Communications relating to patent assertion strategy involving any of the
Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc
Asserted Patents.

**RESPONSE TO TOPIC NO. 64.**

In addition to the General Objections, all of which are incorporated by

specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

broad and unduly burdensome in that it requests information from FIG, a non-party

to the Netflix Litigation, that Netflix can obtain from other sources, including

Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

relevant to any claims or defenses in the Netflix Litigation and is therefore not

proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic

to the extent it seeks information protected by the attorney-client privilege, the

attorney work-product immunity doctrine, the common interest privilege, and any

other applicable privilege or protection.  FIG also objects to this Topic to the extent

it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any

witnesses to testify regarding this Topic.

**TOPIC NO. 65.**

Communications relating to Softbank Corp.'s decision to invest in You,
including but not limited to any valuation conducted by Softbank Corp. of the
Uniloc Asserted Patents or any patent portfolio(s) that include any of the Uniloc
Asserted Patents.

-90-

1  **RESPONSE TO TOPIC NO. 65.**

2      In addition to the General Objections, all of which are incorporated by

3  specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

4  broad and unduly burdensome in that it requests information from FIG, a non-party

5  to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information

6  that is not relevant to any claims or defenses in the Netflix Litigation and is

7  therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

8  to this Topic to the extent it seeks information protected by the attorney-client

9  privilege, the attorney work-product immunity doctrine, the common interest

10  privilege, and any other applicable privilege or protection.  FIG also objects to this

11  Topic to the extent it seeks third-party information that FIG is obligated to keep

12  confidential.

13      On all of these grounds, FIG objects to producing, and will not produce, any

14  witnesses to testify regarding this Topic.

15  **TOPIC NO. 66.**

16  Communications relating to any agreement involving Your investment in or
    ownership of any patent assertion entity and the reasons for any subsequent change
17  or modification in the terms of any such agreement.

18  **RESPONSE TO TOPIC NO. 66.**

19      In addition to the General Objections, all of which are incorporated by

20  specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

21  broad and unduly burdensome in that it requests information from FIG, a non-party

22  to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information

23  that is not relevant to any claims or defenses in the Netflix Litigation and is

24  therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

25  to this Topic to the extent it seeks information protected by the attorney-client

26  privilege, the attorney work-product immunity doctrine, the common interest

27  privilege, and any other applicable privilege or protection.  FIG also objects to this

28  Topic to the extent it seeks third-party information that FIG is obligated to keep

-91-

confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 67.**

Communications relating to Your strategy to drive up the costs of defense in any patent assertion campaigns in which You are a party.

**RESPONSE TO TOPIC NO. 67.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 68.**

Communications relating to the amount of control exercised by You in Uniloc 2017 and/or Uniloc.

**RESPONSE TO TOPIC NO. 68.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation, that Netflix can obtain from other sources, including Uniloc 2017.  FIG also objects to this Topic in that it seeks information that is not

-92-

relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 69.**

The identity and location of all Persons with knowledge regarding each of the above deposition topics.

**RESPONSE TO TOPIC NO. 69.**

In addition to the General Objections, all of which are incorporated by specific reference herein, FIG objects to this Topic as vague, ambiguous, overly broad and unduly burdensome in that it requests information from FIG, a non-party to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information that is not relevant to any claims or defenses in the Netflix Litigation and is therefore not proportional to the needs of the Netflix Litigation.  FIG further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity doctrine, the common interest privilege, and any other applicable privilege or protection.  FIG also objects to this Topic to the extent it seeks third-party information that FIG is obligated to keep confidential.

On all of these grounds, FIG objects to producing, and will not produce, any witnesses to testify regarding this Topic.

**TOPIC NO. 70.**

The identity, location, and content of all Documents relating to each of the above deposition topics.

1    **RESPONSE TO TOPIC NO. 70.**

2         In addition to the General Objections, all of which are incorporated by

3    specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

4    broad and unduly burdensome in that it requests information from FIG, a non-party

5    to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information

6    that is not relevant to any claims or defenses in the Netflix Litigation and is

7    therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

8    to this Topic to the extent it seeks information protected by the attorney-client

9    privilege, the attorney work-product immunity doctrine, the common interest

10   privilege, and any other applicable privilege or protection.  FIG also objects to this

11   Topic to the extent it seeks third-party information that FIG is obligated to keep

12   confidential.

13        On all of these grounds, FIG objects to producing, and will not produce, any

14   witnesses to testify regarding this Topic.

15   **TOPIC NO. 71.**

16        The identity, location, and content of Documents You produced and
     Documents You identified but did not produce in response to the subpoena and
17   accompanying Exhibit A.

18   **RESPONSE TO TOPIC NO. 71.**

19        In addition to the General Objections, all of which are incorporated by

20   specific reference herein, FIG objects to this Topic as vague, ambiguous, overly

21   broad and unduly burdensome in that it requests information from FIG, a non-party

22   to the Netflix Litigation.  FIG also objects to this Topic in that it seeks information

23   that is not relevant to any claims or defenses in the Netflix Litigation and is

24   therefore not proportional to the needs of the Netflix Litigation.  FIG further objects

25   to this Topic to the extent it seeks information protected by the attorney-client

26   privilege, the attorney work-product immunity doctrine, the common interest

27   privilege, and any other applicable privilege or protection.  FIG also objects to this

28   Topic to the extent it seeks third-party information that FIG is obligated to keep

1    confidential.

2          On all of these grounds, FIG objects to producing, and will not produce, any

3    witnesses to testify regarding this Topic.

4

5                                          Respectfully submitted,

6    Dated: July 1, 2020                   /s/ *Jeremiah A. Armstrong*
                                           Jeremiah A. Armstrong
7

8                                          Attorneys for Third Party
9                                          Fortress Investment Group, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          -95-

1

## <u>CERTIFICATE OF SERVICE</u>

2

3

I, Jeremiah A. Armstrong, declare: I am a citizen of the United States and

4

employed in Burlingame, California. I am over the age of eighteen years old and

5

not a party to the within-entitled action. Today I served a copy of the foregoing

6

7

document via email to the following:

8

9

*Counsel for Netflix, Inc.*:

10

Perkins Coie LLP
Matthew C. Bernstein

11

MBernstein@perkinscoie.com
Patrick J. McKeever

12

PMcKeever@perkinscoie.com

13

14

*Counsel for Uniloc 2017 LLC*:

15

Feinberg Day Kramer Alberti Lim Tonkovich & Belloli LLP

16

M. Elizabeth Day
eday@feinday.com

17

Marc C. Belloli

18

mbelloli@feinday.com
David L. Alberti

19

dalberti@feinday.com

20

Sal Lim
slim@feinday.com

21

Hong S. Lin

22

hlin@feinday.com
Nick Martini

23

nmartini@feinday.com

24

25

Dated: July 1, 2020

26

/s/ *Jeremiah A. Armstrong*
Jeremiah A. Armstrong

27

28

-96-