# Exhibit 3

M. ELIZABETH DAY (SBN 177125)
eday@feinday.com
DAVID ALBERTI (SBN 220265)
dalberti@feinday.com
SAL LIM (SBN 211836)
slim@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
KATE E. HART (SBN 275121)
khart@feinday.com
HONG SYD LIN (SBN 249898)
hlin@feinday.com
NICHOLAS V. MARTINI (SBN 237687)
nmartini@feinday.com
**FEINBERG DAY**
**KRAMER ALBERTI LIM**
**TONKOVICH & BELLOLI LLP**
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Tel:  650.618.4360
Fax:  650.618.4368

Attorneys for Uniloc 2017 LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NETFLIX, INC.,<br><br>　　　　Defendant. | **LEAD CONSOLIDATED CASE: NO. SACV18-02055-GW-DFM**<br><br>CASE NO. 8:18-cv-02155-GW-DFM<br><br>**PLAINTIFF'S RESPONSE TO NETFLIX, INC.'S FIRST SET OF INTERROGATORIES NOS. 1-10** |

limitations, objections and exceptions set forth therein.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all agreements entered into by Uniloc or Uniloc's Predecessors-in-Interest at any time, express or implied, that license, sell, contain a covenant not to sue, or otherwise transfer rights and/or interests that relate in any way to the Patents-in-Suit or Related Patents/Applications, including:

a. the bates number of each such agreement, if applicable;

b. the parties to the agreement;

c. the effective date of the agreement; and

d. the royalty, royalty base, and royalty rate provided for in the license, including any lump sum payment made by the licensee for past infringement, if applicable.

**RESPONSE TO INTERROGATORY NO. 1.**

Plaintiff objects to this request to the extent it seeks information that is not within its possession, custody or control.  Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:  Pursuant to Rule 33(d), please see UNILOC_0005350-5537.

**INTERROGATORY NO. 2:**

Describe the facts and circumstances surrounding all Valuations of any of the Patents-in-Suit or any of the Related Patents/Applications by any person or entity at any time including but not limited to any of the Uniloc Entities, including a description of who requested the Valuations, who performed the Valuations, the amounts discussed in the Valuations, the basis of the Valuations, the price paid for conducting the Valuations, and the ultimate conclusion of the Valuation.

**RESPONSE TO INTERROGATORY NO. 2.**

Plaintiff objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege.  Subject to and without waiving

the foregoing general and specific objections, Plaintiff responds as follows: Plaintiff has not performed any non-privileged Valuations of any of the Patents-in-Suit or any of the Related Patents/Applications.

**INTERROGATORY NO. 3:**

For each of the Patents-in-Suit, provide the basis for any contention by Uniloc that the patent is essential to any technology standards, including the identities of any such standards, the specific sections of any standard specification that Uniloc contends is covered by the patent, and any Documents and Persons with knowledge that support the contention. The technology standards may include MPEG and ITU-T standards.

**RESPONSE TO INTERROGATORY NO. 3.**

Plaintiff objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege. Uniloc further objects to this request as premature because there has been no claim construction and further because it calls for work product and expert testimony. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: Plaintiff incorporates by reference its Infringement Contentions. As reflected in Plaintiff's Infringement Contentions, Defendant's products practice certain standards, the relevant provisions of which are cited in Plaintiff's Infringement Contentions. Plaintiff does not contend that any of the Patents-in-Suit are "essential" to any technology standards as they are not subject to any licensing encumbrance from a standards body.

**INTERROGATORY NO. 4:**

If You contend that any Asserted Claim is entitled to an invention date earlier than the U.S. filing date of the respective Patent (i.e., '005 Patent - Apr. 30, 1999, '229 Patent - Feb. 3, 2000, '609 Patent - Aug. 21, 2009, '118 Patent – Mar. 1, 2002, '273 Patent – Aug. 21, 2009), describe fully and with particularity the alleged invention of such claim, including without limitation: