UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NETFLIX, INC.,<br><br>   Movant,<br> v.<br><br>FORTRESS INVESTMENT GROUP LLC,<br><br>   Respondent. | CASE NO. 1:20-mc-00253 (AJN)<br><br>Related to *Uniloc 2017 LLC v. Netflix, Inc.*, No. 8:18-cv-02055-GW-DFM, pending in the United States District Court for the Central District of California |

**DECLARATION OF DAVID MEISELS IN SUPPORT OF RESPONDENT FORTRESS INVESTMENT GROUP LLC'S OPPOSITION TO NETFLIX, INC.'S MOTION TO COMPEL**

I, David Meisels, declare as follows:

1.     I submit this declaration in support of Respondent Fortress Investment Group LLC's ("Fortress") opposition to Movant Netflix, Inc.'s motion to compel, which was filed July 16, 2020. I have personal knowledge of the facts stated herein and, if called to testify, could and would competently testify thereto.

2.     The primary United States headquarters for Fortress is 1345 Avenue of the Americas, 46th Floor, New York, New York 10105.

3.     I am the Head of Litigation at Fortress, a global asset management firm with over $49 billion in assets under management and have served in this capacity since 2012. Fortress, through its affiliated investment management entities, manages investments made by its affiliated entities and funds across a range of credit and real estate, private equity, and permanent capital investment strategies on behalf of approximately 1,800 institutional and private investors worldwide. One of Fortress' many investments is in Uniloc 2017 LLC.

4.     Many of the documents requested by Netflix in its subpoena contain highly proprietary and sensitive business information that would harm Fortress if disclosed. Dissemination of the highly proprietary and sensitive business information sought by Netflix is tightly controlled and provided to employees on a need to know basis. Moreover, some of the information sought by Netflix is subject to confidentiality agreements with third party investors and other entities.

5.     A number of Netflix's requests seek highly proprietary and sensitive documents of Fortress (and its many affiliates) that, based on my experience, are completely unrelated to Fortress' Uniloc 2017 LLC investment, including at least: Request No. 1 (articles of incorporation); Request No. 2 (identification of all "members, officers, employees and agents" of Fortress and all its affiliates); Request No. 9 ("all documents relating to [Fortress'] policies, practices and customs concerning patent assertion activities since 2013"); Request No. 10 ("all documents relating to [Fortress'] policies, practices and customs concerning patent asserting activities since 2013"); Request No. 31 ("[d]ocuments sufficient to show [Fortress'] financial

1

condition between 2013 and the present, including but not limited to balance sheets, income statements, profit and loss statements, cash flow statements and other financial documents reflecting [Fortress'] revenues, profits and losses"); Request No. 67 ("all documents and communications relating to Softbank Corp.'s decision to invest in [Fortress]"); and Request No. 68 ("[a]ll documents and communications relating to any agreement involving [Fortress'] investment in or ownership of any patent assertion entity and the reasons for any subsequent change or modification in the terms of such agreement").

6. Taken together, other requests in the subpoena seek highly proprietary and sensitive documents about Fortress's Uniloc 2017 investment that would harm Fortress if disclosed, including (1) the identification of the limited partners (LPs) who participate in the Uniloc 2017 investment (and other investments) (Request No. 2); (2) analysis of the Uniloc 2017 investment; (3) the criteria that Fortress considers when determining whether to provide funding for the Uniloc 2017 investment; (4) proprietary pricing information; (5) the form and structure of investments; (6) the metrics used to determine performance of investments; and (7) how the performance of investments is monitored.

7. Public revelation of Fortress' highly proprietary and secret business information sought by Netflix could cause competitive injury and allow others to take unfair advantage of Fortress in numerous ways. First, Fortress is among the few companies providing intellectual property-backed investments. Expertise in this market has been developed over many years. Exposing this highly proprietary and secret business information—particularly, the decision-making process and strategy behind investment and funding decisions as well as the valuation and monitoring of investments—would provide a roadmap for others to enter the market based on Fortress' proprietary information. Second, for those few other companies providing intellectual property-backed investments, those companies would gain access to Fortress' highly proprietary and secret business information and be able to use it to their advantage without having independently developed the information. Third, revelation of Fortress' highly proprietary and secret business information could result in use of this information by potential

borrowers and others seeking intellectual property-backed financing during negotiations to Fortress' detriment.  In short, Fortress' highly proprietary and secret business information could enable new market entrants, give competitors an advantage, and give potential borrowers and licensees an advantage in negotiations.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed January 22, 2021 in New York, New York.

*David M. Meisels*
David Meisels