

M. Elizabeth Day
eday@feinday.com
Feinberg Day Kramer Alberti
Lim Tonkovich & Belloli LLP
577 Airport Blvd., Suite 250
Burlingame, CA 94010
T: 650.825.4300
F: 650.460.8443

February 3, 2021

*VIA ECF*

Judge Alison J. Nathan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Netflix, Inc. v. Fortress Investment Group LLC*,
                1:20-mc-00253-AJN (S.D.N.Y.)

Dear Judge Nathan:

      I write on behalf of Respondent Fortress Investment Group LLC ("Fortress") regarding Movant Netflix, Inc.'s request for an informal conference to resolve a dispute in which Netflix seeks to use Uniloc 2017 LLC's ("Uniloc") confidential information in its reply in support of its motion to compel.

    **A.**  **Threshold Issue – This Matter Should Be Stayed While the Central District of California Decides Whether to Stay the Underlying Matter**

      There is a motion to stay the underlying Central District of California patent action in which Netflix served the subpoena on Fortress. That motion is set to be heard by Judge Wu on February 11, 2021. *Uniloc 2017 LLC v. Netflix, Inc.*, No. 8:18-cv-02055-GW-DFM, Dkt. 207, (C.D. Cal.). Moreover, in advance of that hearing, Judge Wu has vacated a previously scheduled summary judgment hearing pending the resolution of the motion to stay. *See* Exhibit A. Given that the motion to stay will be heard on February 11 and likely be decided shortly thereafter, Netflix's request to use Uniloc confidential information in this motion to compel proceeding and, indeed, Netflix's insistence on pursuing this motion to compel at all, is a waste of this Court's resources.

      As set forth in Fortress' opposition brief filed on January 22 (Dkt. 13), the motion to stay the C.D. Cal patent case is appropriate because there is currently an appeal pending before the Federal Circuit regarding whether Uniloc had Article III standing to bring a series of

Feinberg Day Kramer Alberti Lim Tonkovich & Belloli LLP
577 Airport Boulevard, Suite 250 • Burlingame, CA 94010
650.825.4300 • 650.460.8443 fax • www.feinday.com

1



lawsuits against Google for some of the same patents that are asserted in the Netflix litigation. The Federal Circuit's decision on this issue will have a direct bearing on whether Uniloc had standing to bring the underlying litigation against Netflix.  Several other courts have stayed Uniloc matters on the same grounds.  *See*, e.g., *Uniloc 2017 LLC v. Netflix, Inc.*, No. 8:18-cv-02055-GW-DFM, Dkt. 207-4, 207-6 (orders granting stay).  It is not unreasonable to expect that Judge Wu will follow suit because he has vacated another pending hearing.

Given the likelihood that the underlying action between Uniloc and Netflix will be stayed in the very near term, Fortress requested that Netflix agree to pause this discovery until the hearing on the motion to stay in the Central District of California.  Netflix refused to do so.  Instead, Netflix persists on this wasteful discovery endeavor even though the underlying litigation is currently in a holding pattern with no deadlines set other than the February 11 hearing date on Uniloc's motion to stay.

The Court should defer resolution of this subpoena dispute between Netflix and Fortress until after Judge Wu has issued a decision on the motion to stay in the underlying action.  If the motion to stay is granted, there is no justification or basis for proceeding with any discovery, let alone burdensome and irrelevant third-party discovery.  Netflix's motion to compel should be denied, or at least deferred until the underlying litigation resumes.

### B. **Uniloc Confidential Information is Not Relevant to Netflix's Motion to Compel**

If the Court does not defer this matter pending a ruling on the motion to stay from the Central District of California, Netflix's request to use Uniloc confidential information in this motion to compel proceeding should still be denied.  Uniloc is not a party to the dispute currently pending before this Court, nor is the information that Netflix seeks to use relevant to or even related to the "damages" information it seeks to compel from Fortress.  In its February 1 letter to the Court, Netflix argues that it needs to use certain Uniloc materials to reply to Fortress' opposition.  But Netflix fails to articulate why it must rely on Uniloc's confidential information to substantiate the purported basis for its subpoena against Fortress.  This is particularly true when Netflix's motion seeks six categories of documents, none of which are relevant, but more importantly none of which require Netflix to attach 11 pages of an opposition to Uniloc's motion to enforce settlement:

- Fortress's and Uniloc's corporate form and members, as well as their relationship (Request Nos. 1-8, 70);
- Fortress's past and projected financial results from, and its strategies and policies for, patent assertion (Request Nos. 9-10, 31, 34-36, 39-44, 65-66, 68-69);
- The acquisition and control of the patents asserted against Netflix in the Litigation (the "Asserted Patents") from their prior assignees (Request Nos. 11-22);
- Valuation, licenses, agreements and other documents regarding the asserted patents (Request Nos. 23-30, 32-33, 37-38, 45-47, 49); and
- Documents referenced in an agreement produced by Uniloc (Request No. 48); and
- Business plans and investor communications and presentations, including specifically regarding Netflix, the asserted patents, and the Litigation (Request Nos. 50-64, 67).

Feinberg Day Kramer Alberti Lim Tonkovich & Belloli LLP
577 Airport Boulevard, Suite 250 • Burlingame, CA 94010
650.825.4300 • 650.460.8443 fax • www.feinday.com

2



      Critically, Netflix's efforts to introduce Uniloc's confidential materials appear to be an attempt to raise new arguments that were not raised in its opening brief. This is improper. "[I]t is improper practice to raise arguments in the first instance in a reply brief." *Ocean Partners, LLC v. N. River Ins. Co.*, 546 F. Supp. 2d 101, 106 (S.D.N.Y. 2008) (citing *Patterson v. Balsamico*, 440 F.3d 104, 114 (2d Cir. 2006). Netflix has made no effort to explain why it was unable to raise the arguments it now seeks to introduce in its reply brief.

      Netflix's reliance on Section 7.1 of the Protective Order in the underlying litigation is misplaced. There is no protective order in place in this miscellaneous action. So Uniloc's confidentiality concerns cannot be adequately addressed. Uniloc is not a party to the matter presently before this Court and thereby cannot protect its confidentiality rights. Given that the materials in question were produced in the underlying litigation, the proper venue to determine whether Netflix should be able to use Uniloc's confidential materials is before Judge Wu. By first raising this issue on reply in the context of this subpoena dispute, Netflix is attempting to circumvent the confidentiality designation challenge protocol set forth in Section 3 of the Protective Order, which states that such challenges shall proceed under Central District of California Local Rules 37-1 and 37-4.

      Respectfully yours,

      /s/ *M. Elizabeth Day*

Cc: Martin Gilmore, Esq.

Feinberg Day Kramer Alberti Lim Tonkovich & Belloli LLP  
577 Airport Boulevard, Suite 250 • Burlingame, CA 94010  
650.825.4300 • 650.460.8443 fax • www.feinday.com

3